Thomas A. GLEASON,
Plaintiff–Appellant,

v.

John JANDRUCKO, Richard Spota, and Village of North Tarrytown,
Defendants–Appellees.

No. 120, Docket 87–7966.

United States Court of Appeals,
Second Circuit.

Argued Sept. 26, 1988.

Decided Nov. 1, 1988.

John Haven Chapman, New York City (Brian E. Moran, Chapman, Moran, Hubbard & Zimmermann, New York City, of counsel), for plaintiff-appellant.

Anthony Princi, New York City (Arthur S. Olick, Robert A. Gaynor, Kim Koopersmith, Anderson Russell Kill & Olick, P.C., New York City, of counsel), for defendants-appellees John Jandrucko and Richard Spota.

Paul Goodovitch, Rockville Centre, N.Y. (Jacobson & Schwartz, Rockville Centre, N.Y., of counsel), for defendant-appellee Village of North Tarrytown.

Before OAKES, MINER, and ALTIMARI, Circuit Judges.

ALTIMARI, Circuit Judge:

Plaintiff-appellant Thomas Gleason appeals from an order of the United States District Court for the Southern District of New York (Leval, J.) dismissing plaintiff's complaint under Fed.R.Civ.P. 12(b)(6). In his complaint filed on August 23, 1986, plaintiff sought to vacate a prior judgment of the district court, dated July 28, 1984, ordering a voluntary dismissal with prejudice of a prior action brought by him against defendants-appellees and others. In the prior action, Gleason alleged that he had been wrongfully arrested for an armed bank robbery in Nassau County by police officers of defendant-appellee Village of North Tarrytown and Nassau County, and that the arrest constituted a deprivation of his constitutional rights in violation of 42 U.S.C. §§ 1983, 1985. Following settlement of the prior litigation, plaintiff instituted the instant action claiming that the stipulation of voluntary dismissal "so ordered" by the district court was procured through perjury and fraudulent withholding of evidence. Specifically, Gleason alleged that during discovery in the underlying proceeding, two Nassau County detectives had perjured themselves at their depositions and intentionally had concealed relevant evidence, thereby inducing plaintiff to enter into the stipulation. Because we agree with the district court that subsequently discovered evidence of perjury by a witness and nondisclosure does not support

a finding of "fraud upon the court" as required by Fed.R.Civ.P. 60(b) in order to set aside a judgment, we affirm.

## BACKGROUND

Plaintiff Thomas Gleason, an unsuccessful candidate in 1977 for mayor of the Village of North Tarrytown who subsequently became an outspoken critic of the village's government and in particular its police department, was arrested on February 6, 1979 in connection with an armed bank robbery which had occurred in Nassau County, Long Island on December 15, 1978. The arrest was made by Nassau County police officers with the cooperation of then-North Tarrytown police officer, defendant-appellee Richard Spota, who, after viewing a photograph and description of the perpetrator, advised the Nassau County police that plaintiff resembled the suspect. Surveillance photographs of plaintiff were taken and a pre-arrest "photopack" was prepared and shown to two eyewitnesses of the bank robbery who picked out plaintiff's photograph and apparently indicated that Gleason could be the suspect. Nassau County police officers Walter Waring and Henry Klosowski thereupon travelled to North Tarrytown, met with Lieutenant Spota and then-Police Chief, defendant-appellee John Jandrucko, and arrested Gleason without a warrant at his home in North Tarrytown. Plaintiff was taken to Nassau County by Waring and Klosowski for further questioning. After being placed in a line up and submitting to a polygraph examination, Gleason was released and no charges against him were ever filed.

Plaintiff commenced the underlying action on January 27, 1982, alleging that he had been unlawfully arrested without a warrant and without probable cause and that defendants herein and others conspired to intimidate him through police misconduct because of his political activities. During discovery, Officers Waring and Klosowski testified that one of the two eyewitnesses to the bank robbery identified Gleason with 100 percent certainty while

the other was 80 percent certain of Gleason's identity. Both officers also testified that the two eyewitnesses were 90 percent certain that Gleason was the robber after viewing the post-arrest line up. The parties thereafter cross-moved for summary judgment; both motions, however, were denied by the district court. Plaintiff's former counsel then initiated settlement discussions, culminating in a stipulation dismissing the action with prejudice in exchange for a waiver of any right defendants might have had to attorneys' fees, costs and sanctions. Judge Leval "so ordered" the voluntary stipulation.

On June 26, 1985, within a year after entry of judgment, plaintiff's new counsel moved under Fed.R.Civ.P. 60(b)(1) to set aside the judgment on the grounds of "mistake, inadvertence, ... [and] neglect." That motion was denied by the district court on January 9, 1986. Six months later, however, during discovery in connection with a pair of consolidated section 1983 actions involving other allegedly wrongful arrests of plaintiff by the North Tarrytown police, the eyewitnesses to the bank robbery provided Gleason's new counsel with sworn affidavits indicating that at the time they viewed the photopack of possible suspects, they were not at all certain that plaintiff was the robber. In addition, the two eyewitnesses averred that the photograph of Gleason was "fuzzy" and that when they later saw him in the line up, they were absolutely sure that he was *not* the person who robbed the bank.

As a result, plaintiff brought the instant action to set aside the prior judgment for "fraud upon the court" as contemplated under the saving clause of Fed.R.Civ.P. 60(b). *See id.* ("rule does not limit the power of a court to entertain an independent action ... to set aside a judgment for fraud upon the court"). The complaint was based on the affidavits of the two eyewitnesses to the Nassau County bank robbery to the effect that Officers Waring and Klosowski had perjured themselves at their depositions. Plaintiff also contended that defendants had concealed evidence by conspiring to withhold the purported "fuzzy" photograph of plaintiff actually shown to the eyewitnesses. The gravamen of the complaint was that plaintiff was induced to enter into the stipulation of discontinuance as a consequence of a "fraud upon the court."

In a memorandum decision, the district court held that the alleged perjury and nondisclosure were intrinsic to the prior proceeding and therefore did not rise to the level of fraud on the court. Moreover, the court found that plaintiff's own lack of diligence in failing to depose the two eyewitnesses prior to voluntarily entering into the stipulation was insufficient to allow an independent action attacking the finality of a judgment. The district court accordingly granted defendants' motion to dismiss for failure to state a claim under Fed.R.Civ.P. 12(b)(6).

## DISCUSSION

Rule 60(b) of the Federal Rules of Civil Procedure provides that a party to an action may *by motion* seek to vacate a judgment on the grounds of (1) mistake, inadvertence, surprise, or excusable neglect, (2) newly discovered evidence, or (3) fraud, misrepresentation, or misconduct of an adverse party, within one year of the entry of a final judgment. Fed.R.Civ.P. 60(b).

Relief from a final judgment may also be obtained at any time by way of an *independent action* to set aside a judgment for "fraud upon the court." *Id.*, and advisory committee note thereto ("under the saving clause, fraud may be urged as a basis for relief by independent action"). Although both clause (3) and the saving provision of Rule 60(b) provide for relief from a judgment on the basis of fraud, the type of fraud necessary to sustain an independent action attacking the finality of a judgment is narrower in scope than that which is sufficient for relief by timely motion. *See Hazel–Atlas Glass Co. v. Hartford–Empire Co.*, 322 U.S. 238, 244–46 64 S.Ct. 997, 1000–01, 88 L.Ed. 1250 (1944); *Serzysko v. Chase Manhattan Bank*, 461 F.2d 699, 702 (2d Cir.) (per curiam), *cert. denied*, 409 U.S. 883, 93 S.Ct. 173, 34 L.Ed. 2d 139 (1972); *Dankese Eng'g, Inc. v. Ion-*

*ics, Inc.,* 89 F.R.D. 154, 157–58 (D.Mass. 1981); *see generally* 7 J. Moore, *Federal Practice* ¶ 60.33, at 360–62 (2d ed. 1987). Indeed, "fraud upon the court" as distinguished from fraud on an adverse party is limited to fraud which seriously affects the integrity of the normal process of adjudication. *See Kupferman v. Consolidated Research & Mfg. Corp.,* 459 F.2d 1072, 1078 (2d Cir.1972); 7 Moore ¶ 60.33, at 360.

In *Hazel–Atlas,* the Supreme Court set aside a twelve-year old judgment on account of new evidence of a "deliberately planned and carefully executed scheme to defraud not only the Patent Office but [a] Circuit Court of Appeals" in order to obtain a patent. 322 U.S. at 245–46, 64 S.Ct. at 1001. The *Hazel–Atlas* Court explained that fraud on the court involves "far more than an injury to a single litigant" because it threatens the very integrity of the judiciary and the proper administration of justice. *Id.* at 246, 64 S.Ct. at 1001. Proof of a scheme to defraud together with the complicity of the offending party's lawyers in *Hazel–Atlas* was, in the Court's judgment, conclusive evidence of fraud on the court. However, the Supreme Court was careful to distinguish between the facts of the case before it and "a case of a judgment obtained [simply] with the aid of a witness who, on the basis of after-discovered evidence, is believed possibly to have been guilty of perjury." *Id.* at 245, 64 S.Ct. at 1001. The latter scenario, according to the Court, would be subject to the rule of finality, *i.e.,* that judgments generally should not be disturbed once the one-year term following their entry has expired. *See id.* at 248, 64 S.Ct. at 1002.

On this appeal, appellant relies heavily upon this court's prior decision in *Leber–Krebs, Inc. v. Capitol Records,* 779 F.2d 895 (2d Cir.1985), in which we emphasized that the fraud-on-the-court rule enunciated in *Hazel–Atlas* "should be characterized by flexibility and an ability to meet new situations demanding equitable intervention." *Id.* at 900; *see Hazel–Atlas,* 322 U.S. at 248, 64 S.Ct. at 1002. Gleason points to the equitable and flexible nature of the rule in support of his contention that the saving clause of Fed.R.Civ.P. 60(b) provides a sweeping avenue of relief against fraudulently obtained judgments.

We think appellant reads the saving clause of Rule 60(b) too broadly. As the district court recognized, the instant case is distinguishable from *Leber–Krebs* because the aggrieved party in that case did not even have the opportunity to litigate the issue of fraud. *Leber–Krebs* involved a creditor who moved to confirm an *ex parte* attachment order within the statutorily prescribed five-day period. The district court denied the motion, relying on the garnishee's false representation that it held none of the debtor's assets. Consequently, the creditor lost the opportunity to enforce his judgment against the debtor. We held that the creditor could maintain an independent action against the garnishee under Fed.R.Civ.P. 60(b) for fraud on the court since the fraud prevented the creditor from proceeding against the garnishee who held the debtor's assets.

Here, by contrast, plaintiff had the opportunity in the prior proceeding to challenge the police officers' account of his arrest. The issues of lack of probable cause and bad faith were before the court from the outset. Gleason cannot be heard now to complain that he was denied the opportunity to uncover the alleged fraud. While the officers may have lied at their depositions, nothing prevented plaintiff during the pendency of the prior proceeding from deposing the two eyewitnesses to the bank robbery in order to impeach the officers' testimony. Instead, however, Gleason voluntarily chose to settle the action.

As we previously have made clear, the credibility and veracity of a witness at issue in an original proceeding cannot be later challenged by way of an independent action. *See Serzysko,* 461 F.2d at 702 & n. 2; *see also Travelers Indemnity Co. v. Gore,* 761 F.2d 1549, 1552 (11th Cir.1985). After-discovered evidence of alleged perjury by a witness is simply not sufficient for a finding of "fraud upon the court." *Hazel–Atlas,* 322 U.S. at 245, 64 S.Ct. at 1001; *Serzysko,* 461 F.2d at 702. Similarly, allegations of nondisclosure during pretrial discovery do not constitute grounds for an independent action under Fed.R.Civ.P.

60(b). *See H.K. Porter Co. v. Goodyear Tire & Rubber Co.,* 536 F.2d 1115, 1118 (6th Cir.1976). Absent the type of fraud which "subvert[s] the integrity of the court itself, or is ... perpetrated by officers of the court," 7 Moore ¶ 60.33, at 360; *see Serzysko,* 461 F.2d at 702, the requisite interference with the judicial machinery cannot be established and an independent action for fraud on the court therefore will not lie. In short, neither perjury nor non-disclosure, by itself, amounts to anything more than fraud involving injury to a single litigant. *Cf. Hazel–Atlas,* 322 U.S. at 246, 64 S.Ct. at 1001; *Great Coastal Express, Inc. v. International Brotherhood of Teamsters,* 675 F.2d 1349, 1357 (4th Cir. 1982) ("[p]erjury and fabricated evidence are evils that can and should be exposed at trial, and the legal system encourages and expects litigants to root them out as early as possible"), *cert. denied,* 459 U.S. 1128, 103 S.Ct. 764, 74 L.Ed.2d 978 (1983).

▇ Notwithstanding Judge Leval's determination that plaintiff alleged only perjury and nondisclosure as the basis for his independent action for relief, Gleason nevertheless contends that the new evidence before the district court was indicative of a broad conspiracy and cover-up which transcended mere perjury and non-disclosure. Thus, plaintiff claims that the district court erred in finding the alleged fraud to be intrinsic to the prior proceeding. Although we agree with plaintiff that relief from a judgment by way of an independent action need not be premised on a showing of extrinsic as opposed to intrinsic fraud, *see Averbach v. Rival Mfg. Co.,* 809 F.2d 1016, 1022 (3d Cir.) (" 'extrinsic'—'intrinsic' distinction which is based on a statement in *United States v. Throckmorton,* 98 U.S. (8 Otto) 61 [23 L.Ed. 93] (1878), was overruled, if it was ever the law, by *Marshall v. Holmes,* 141 U.S. 589 [12 S.Ct. 62, 35 L.Ed. 870] (1891)"), *cert. denied,* — U.S. ——, 107 S.Ct. 3187, 96 L.Ed.2d 675 (1987); *see also Serzysko,* 461 F.2d at 702 n. 2; 11 C. Wright & A. Miller, *Federal Practice and Procedure* § 2868, at 240–41 (1973) (distinction between extrinsic and intrinsic fraud is "most unfortunate, if true. [It] rests on clouded and confused authorities, its soundness as a matter of policy is very doubtful, and it is extremely difficult to apply. It ought not to persist as a limit on independent actions" under Fed.R.Civ.P. 60(b).), an aggrieved party seeking relief under the saving clause of Rule 60(b) still must be able to show that there was no "opportunity to have the ground now relied upon to set aside the judgment fully litigated in the original action." *Serzysko,* 461 F.2d at 702 n. 2; *see Marshall,* 141 U.S. at 596, 12 S.Ct. at 64; *M.W. Zack Metal Co. v. International Navigation Corp.,* 675 F.2d 525, 530 (2d Cir.), *cert. denied,* 459 U.S. 1037, 103 S.Ct. 449, 74 L.Ed.2d 604 (1982); 11 Wright & Miller § 2868, at 239. The district court explicitly found that plaintiff had ample opportunity in the prior proceeding to uncover the alleged fraud, and the record supports the court's determination. Accordingly, plaintiff's contention in this regard is without merit.

## CONCLUSION

For all of the foregoing reasons, the district court's order granting defendant's motion to dismiss for failure to state a claim upon which relief can be granted is affirmed.