101 F.3d 684
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Eugene POLIN, Plaintiff-Appellant,
v.
Charles HANNIGAN; Peter Broderick; Claude Jeorg; Roger L.
Banan; Angelo Delsigore; Matthew Murphy; Joseph Frazier;
Edward Perlman; Richard Speranza; William Lewis; Roger
Shoemaker; Niagara County, as a person; Mark Violante;
Deborah Trattel; John Mattio; Patrick Petrie; John
Roberts; Law Firm of Lipsitz, Green, Fahringer, Roll,
Schuller, James, also known as Lipsitz, Green, Fahringer,
Roll, Schuller and James; Paul Cambria; Mary Good; Joseph
Latona; David Schopp; Susan Wheatley; Salvatore
Sanfilippo; Boomer; Pine; Balio; Lawton; Davis; Boehm;
Joan Varney, Defendants-Appellees.
 No. 95-2850.
 United States Court of Appeals, Second Circuit.
 May 21, 1996.
 
 APPEARING FOR APPELLANT: Eugene Polin, pro se.
 APPEARING FOR APPELLEES: Wayne L. Benjamin, Deputy Bureau Chief, Office of the Attorney General of the State of New York, Albany, NY.
 W.D.N.Y.
 AFFIRMED.
 Before MESKILL, CARDAMONE, and MINER, Circuit Judges.
 UPON CONSIDERATION of this appeal from an order of the United States District Court for the Western District of New York, it is hereby
 ORDERED, ADJUDGED, AND DECREED that the order be and it hereby is AFFIRMED.
 This cause came on to be heard on the transcript of record and was submitted.
 Plaintiff-appellant Eugene Polin appeals pro se from an order of the United States District Court for the Western District of New York (Curtin, J.) denying his motion to vacate the judgment of the district court.
 
 
 1
 Pursuant to 42 U.S.C. § 1983, Polin commenced the action giving rise to this appeal on February 22, 1994. In his complaint, Polin named as defendants various New York State and Niagara County personnel, including court employees, public defenders, police officers, and district attorneys, as well as attorneys working in a private law firm that had represented him in state court proceedings. Polin alleged, inter alia, that the defendants had conspired to convict him on state criminal charges by manipulating the court proceedings during his trial and subsequent appeal.
 
 
 2
 On June 30, 1994, Polin moved to proceed in forma pauperis, stating that he had inadequate funds to effect service. On July 22, 1994, the district court denied the motion for failure to show sufficient indigence, and directed Polin to show cause no later than August 12, 1994 why the action should not be dismissed for failure to effect service of process. On August 9, 1994, Polin appealed from the district court's July 22nd order denying him in forma pauperis status and ordering him to show cause why the action should not be dismissed. On September 28, 1994, this Court dismissed Polin's appeal due to his failure either to pay the docketing fee or to move for leave to proceed in forma pauperis.
 
 
 3
 On April 12, 1995, the district court dismissed the action for failure to prosecute, stating that it had not received any submissions in the case since this Court had denied Polin's appeal over six months earlier. Judgment was entered on April 17, 1995. On November 6, 1995, the district court received a letter from Polin stating that Polin had sent the court a motion to amend the judgment and that the court never had acknowledged receiving the motion. Polin also stated in the letter that he had received the April 12, 1995 order dismissing the complaint on May 11, 1995, almost one month later. Polin argued that the judgment should be vacated because these incidents showed that the court proceedings were being manipulated, resulting in "fraud upon the court." On November 14, 1995, the district court denied the motion to vacate the judgment. On December 18, 1995, Polin appealed from the district court's November 14th order.
 
 
 4
 On appeal, Polin argues that the district court erred in denying the motion to vacate the judgment. We reject this contention. Under Fed.R.Civ.P. 60(b), a court may relieve a party from judgment upon a showing of fraud. We review a district court's denial of a Rule 60(b) motion for abuse of discretion. Maduakolam v. Columbia Univ., 866 F.2d 53, 55 (2d Cir.1989).
 
 
 5
 In the present case, the district judge properly exercised his discretion in denying the motion, finding "that there is no reason why I should vacate the prior order of the court" dismissing the action under Fed.R.Civ.P. 41(b). Although Polin argues that there was "fraud upon the court," Polin has not shown evidence of any such "fraud which seriously affects the integrity of the normal process of adjudication." See Gleason v. Jandrucko, 860 F.2d 556, 559 (2d Cir.1988). Moreover, under Rule 41(b), a district court may, in its discretion, sua sponte dismiss an action for failure to prosecute. Minnette v. Time Warner, 997 F.2d 1023, 1027 (2d Cir.1993). In light of the record in this case, dismissal of the action by the district court was warranted. Polin waited four months after his complaint was filed before moving to proceed in forma pauperis, in an attempt to obtain service through the United States Marshal Service. After this Court, on September 28, 1994, dismissed his appeal from the district court's denial of his motion to proceed in forma pauperis, Polin failed to serve the defendants or to take any other action for six months. Accordingly, the district court properly exercised its discretion in denying Polin's motion to vacate the judgment.