**GLADSTONE FORD, Plaintiff–Appellant,**

v.

**NEW YORK CITY TRANSIT AUTHORITY, Manhattan and Bronx Surface Transit Operating Authority, Barbara M. Roth, Esq., Defendants–Appellees.**

No. 03–7430.

United States Court of Appeals, Second Circuit.

Dec. 2, 2003.

Gladstone Ford, Brooklyn, NY, for Plaintiff–Appellant, pro se.

Barbara M. Roth, Torys LLP, New York, NY, for Defendants–Appellees.

PRESENT: CALABRESI, B.D. PARKER, and RAGGI, Circuit Judges.

## SUMMARY ORDER

In 1998, Plaintiff–Appellant Gladstone Ford brought a Title VII race discrimination and retaliation claim against his former employer, the New York City Transit Authority and the Manhattan and Bronx Surface Operating Authority. The district court granted summary judgment to the defendants after concluding that Ford had demonstrated no issues of material fact supporting either claim. In August 2002, we affirmed the district court's judgment by summary order. *See Ford v. New York City Transit Author.*, 43 Fed.Appx. 445 (2d Cir.2002).

In February 2003, Ford returned to the United States District Court for the Eastern District of New York, seeking relief from the previous judgment by filing what he styled a "complaint" and an "independent action brought pursuant to [Fed. R.Civ.P.] 60(b)(3) & (6)." Ford alleged specifically that the defendants' attorney, Barbara Roth, committed a fraud upon the district court by (1) falsely informing the district court that Ford's EEOC charges had been dismissed, (2) soliciting an affidavit that Ford alleges included false statements, and (3) misrepresenting the adequacy of Ford's evidence and his efforts to comply with discovery. The district court characterized this "complaint" as a Rule 60(b) motion and denied it.

Federal Rule of Civil Procedure 60(b) provides, in relevant part:

On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: ... (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; ... or (6) any other reason justifying relief from the operation of the judgment.

The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.... This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, ... or to set aside a judgment for fraud upon the court.

If characterized as a 60(b)(3) motion, Ford's claim would be time-barred, because it was brought more than one year after the June 2001 summary judgment. An "independent action" based upon "fraud upon the court" may, however, be brought at any time, *see Gleason v. Jandrucko*, 860 F.2d 556, 558 (2d Cir.1988), so long as it is not barred by the doctrine of laches, *see Simons v. United States*, 452 F.2d 1110, 1116 (2d Cir.1971).

But Ford has alleged no facts that could support such an action. Appellees committed no wrong by informing the district court that the EEOC had "dismissed" Ford's charges. It is commonplace to refer to an EEOC right to sue letter as a dismissal. *See, e.g., Elmenayer v. ABF Freight System, Inc.*, 318 F.3d 130, 133 (2d Cir.2003). Even if the affidavit to which Ford objects included false statements—for which we see no evidence—that would not suffice to support a claim of fraud upon the court. *See Gleason*, 860 F.2d at 559. And the appellees' argument below that "the record contains absolutely nothing other than Ford's self-serving speculation and surmise to support his claims" does not misconstrue or "suppress" the evidence produced by Ford—it merely attests to the appellees' belief that such evidence was insufficient to support Ford's claim. Although Ford insists that the appellees lied by stating that he had failed to produce certain notes in response to discovery, he provides us with no evidence that he did in fact produce the documents in question. Finally, even had there been misrepresentations by the appellees regarding Ford's evidence or compliance with discovery at this stage, Ford could have raised this issue in his opposition to summary judgment.

Ford has thus not shown that he "had no opportunity to litigate the allegations of fraud on the court" in the previous proceeding. *Weldon v. United States*, 70 F.3d 1, 5 (2d Cir.1995). He has also offered no evidence that the appellees committed any fraud or misrepresentation at all, much less the heightened form of "fraud which seriously affects the integrity of the normal process of adjudication" which is the predicate of an action under the savings clause of Rule 60(b). *Gleason*, 860 F.2d at 559. We have considered all of the appellant's claims and find them meritless.[1] We therefore AFFIRM the judgment of the district court.

---

1. The appellees request that we enjoin the plaintiff from bringing any further similar actions against them. After considering the factors outlined in *Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2d Cir.1986), we conclude that Ford's conduct does not rise to the level of "vexatious" or "harassing," and therefore decline to impose sanctions upon him.