PENTAGEN TECHNOLOGIES INTERNATIONAL LIMITED, Plaintiff–Appellant,

v.

CACI INTERNATIONAL, INC., CACI Systems Integration, Inc., CACI, Inc.–Federal, and J.P. London, Defendants–Appellees,

Thomas M. Marshall, Defendant.

Nos. 07–1576–cv(L), 07–1581–cv(CON), 07–1582–cv(CON).

United States Court of Appeals, Second Circuit.

June 18, 2008.

Ambrose M. Richardson III, New York, NY, for Appellant.

J. William Koegel, Jr., Steptoe & Johnson LLP, Washington, DC, for Appellees.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. ROBERT D. SACK and Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

## SUMMARY ORDER

Plaintiff Pentagen Technologies International Limited ("Pentagen") appeals from a 2007 opinion and order of the district court denying Pentagen's motion, pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure, for relief from final judgments entered in 1996. This is but the latest in a series of lawsuits, motions, and appeals initiated by Pentagen against defendants CACI International, Inc. and associated entities ("CACI").

We assume the parties' familiarity with the underlying facts and procedural history of this and related cases, and with the issues raised on appeal. This litigation arises from Pentagen's contention that its software program, known as Mentix, was unlawfully appropriated by CACI and developed for use by the United States Government. The district court remarked: "The sorry history of this litigation would take far more space to detail than it is worth." *Pentagen Techs. Int'l Ltd. v. CACI Int'l Inc.*, No. 93 Civ. 8512, 2007 WL 586636 at *1, 2007 U.S. Dist. LEXIS 13042 at *1 (S.D.N.Y. Feb.23, 2007). We are in sympathy with the district court's observation.

The cases now on appeal were filed in 1993 and 1994 and consolidated. In 1996, the district court granted CACI's motion to dismiss for failure to state a claim. In

that decision, the district court held that several claims advanced by Pentagen were precluded, as res judicata, by a 1994 judgment of the United States District Court for the Eastern District of Virginia. In 2000, Pentagen became aware of new evidence it says is material to its claims: the deposition testimony of a witness that allegedly undermines the basis for the Virginia district court's 1994 judgment. In 2002, Pentagen returned to district court in Virginia and filed a Rule 60(b) motion, asserting that CACI had committed a fraud upon the court by concealing the facts uncovered in the 2000 deposition. The district court in Virginia denied the motion and imposed sanctions. On November 17, 2006, Pentagen returned to the Southern District of New York and filed a motion to vacate the 1996 judgments pursuant to Rule 60(b)(6), restating its claim that CACI had committed a fraud upon the court. The district court denied the motion, and Pentagen appeals.

The district court did not abuse its discretion in denying Pentagen's Rule 60(b) motion.

■ First, it is doubtful that there was fraud on the court. In the action in the Eastern District of Virginia, the district court granted summary judgment to CACI because there was no evidence in the record that CACI had actually copied or developed a derivative version of Mentix. Pentagen now claims that the 2000 deposition testimony proves that finding false. Because the Virginia action was decided on summary judgment, CACI is at most guilty of not disclosing material information during discovery. But failure to disclose material during pretrial discovery is not fraud on the court. *Gleason v. Jandrucko*, 860 F.2d 556, 559–60 (2d Cir.1988).

■ Pentagen also argues in this regard that "[t]hroughout both the EDVA and SDNY actions, CACI's counsel represent-

ed to the courts that no derivative version of MENTIX had been created." Appellant's Br. at 3. Although an attorney's deliberate misrepresentations to the court may qualify as fraud on the court, *see Demjanjuk v. Petrovsky*, 10 F.3d 338, 352 (6th Cir.1993), *cert. denied*, 513 U.S. 914, 115 S.Ct. 295, 130 L.Ed.2d 205 (1994), Pentagen does not point to any specific instance of such misrepresentation by CACI's counsel. A lawyer does not commit fraud on the court by arguing for summary judgment on grounds that the record does not contain certain evidence, even if it is later discovered that the evidence existed but was not in the record. *See Kupferman v. Consol. Research & Mfg. Corp.*, 459 F.2d 1072, 1081 n. 9 (2d Cir.1972).

■ Second, even if Pentagen were able to demonstrate that CACI perpetrated a fraud on a court, the defrauded court was the Eastern District of Virginia, not the Southern District of New York. The district court in New York rendered judgment in 1996 based on the insufficiency of Pentagen's complaint and based on the res judicata effect of the Virginia district court's judgment. It is well-established that Rule 60(b) motions must be filed in the same court that rendered the judgment the movant seeks vacated. *See* 12 James William Moore, *Moore's Federal Practice* § 60.60[1] (3d ed. 2008); 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2863, at 350 (2d ed. 1995). To counteract the preclusive effect of a judgment, the injured party must seek relief in the court that rendered it.

Pentagen might have a more sympathetic claim if Rule 60(b) relief were somehow unavailable in the court that rendered judgment in the action where the fraud allegedly occurred. But here, Pentagen

did claim "fraud on the court" in the Eastern District of Virginia, and its Rule 60(b) motion there was considered and denied. Accordingly, just as res judicata barred Pentagen from relitigating its underlying claims against CACI in New York after judgment had been rendered in Virginia, Pentagen is now precluded from relitigating the same "fraud on the court" claim in a second forum. *See Weldon v. United States,* 70 F.3d 1, 5 (2d Cir.1995); *M.W. Zack Metal Co. v. Int'l Navigation Corp. of Monrovia,* 675 F.2d 525, 529 (2d Cir.), *cert. denied,* 459 U.S. 1037, 103 S.Ct. 449, 74 L.Ed.2d 604 (1982).

For the foregoing reasons, the order and judgment of the district court is hereby AFFIRMED.