19-1885-cv
Marshak v. Sheppard

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 8th day of May, two thousand twenty.

Present:     JOHN M. WALKER, JR.,
             ROSEMARY S. POOLER,
             GERARD E. LYNCH,
                       *Circuit Judges.*

_____

LARRY MARSHAK,

                       *Plaintiff-Appellee*,

            v.                                                    19-1885

RICK SHEPPARD,

                       *Defendant-Appellant.*[1]

_____

Appearing for Appellant:     Gregory R. Preston, Preston & Wilkins, LLC, Levittown, N.Y.

Appearing for Appellee:      Eric Miller Sommers, Sommers Law, PLLC, Bedford, N.H.

Appeal from the United States District Court for the Southern District of New York (Koeltl, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of said District Court be and it hereby is **AFFIRMED**.

Appellant Rick Sheppard appeals from the May 24, 2019 opinion and order of the United States District Court for the Southern District of New York (Koeltl, *J.*), denying Sheppard's

---

[1] The Clerk of Court is respectfully directed to amend the official caption as set forth above.

motion to vacate the district court's injunction issued on August 26, 1987, which enjoined Sheppard from infringing on Appellee Larry Marshak's registered service mark by using the name "The Drifters" for entertainment services. *See Marshak v. Sheppard*, 381 F. Supp. 3d 261 (S.D.N.Y. 2019); *see also Marshak v. Sheppard*, 666 F. Supp. 590 (S.D.N.Y. 1987). We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

On appeal, Sheppard contends that the district court erred in denying his motion to vacate the injunction under Fed. R. Civ. P. 60(b)(6) and (d). "We review the district court's Rule 60 decision for abuse of discretion." *United Airlines, Inc. v. Brien*, 588 F.3d 158, 175 (2d Cir. 2009); *see also Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012) ("The decision whether to grant a party's Rule 60(b) motion is committed to the sound discretion of the district court, and appellate review is confined to determining whether the district court abused that discretion." (internal quotation marks and citation omitted)).

We conclude that the district court did not abuse its discretion in denying Sheppard's motion, for substantially the same reasons that the district court set out in its well-reasoned opinion. Though Fed. R. Civ. P. 60(b)(6) authorizes a court to "relieve a party . . . from a final judgment, order, or proceeding" for "any . . . reason that justifies relief," a motion under this rule "must be made within a reasonable time." Fed. R. Civ. P. 60(c)(1); *see, e.g.*, *Rodriguez v. Mitchell*, 252 F.3d 191, 201 (2d Cir. 2001). Sheppard's motion, which was filed approximately thirty years after the injunction was first issued, almost twenty years after the decision invalidating Marshak's trademark on which the motion relies, and, according to Sheppard, as long as five years after Sheppard learned of the invalidation of Marshak's mark registration, was untimely. Nor can we conclude that the district court abused its discretion in denying Sheppard the "equitable" and "discretionary relief available under Rule 60(b)," *Motorola Credit Corp. v. Uzan*, 561 F.3d 123, 127 (2d Cir. 2009), given that Sheppard concedes he continued to perform using the name "The Drifters" in violation of the injunction.

Finally, we agree with the district court that the registration application to the Patent and Trademark Office ("PTO") for the mark at issue did not constitute fraud on the district court that would entitle Sheppard to relief under Fed. R. Civ. P. 60(d). Unlike in *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, the Supreme Court decision on which Sheppard relies, Sheppard's allegations of fraud do not suggest a "deliberately planned and carefully executed scheme to defraud not only the Patent Office but the Circuit Court of Appeals." 322 U.S. 238, 245 (1944). Accordingly, Sheppard has not shown that the PTO application constitutes "fraud which seriously affects the integrity of the normal process of adjudication." *Gleason v. Jandrucko*, 860 F.2d 556, 559 (2d Cir. 1988).

We have considered the remainder of Marshak's arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk