23-717-cv
Blinkoff v. City of Torrington

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of February, two thousand twenty-five.

PRESENT:
> DENNIS JACOBS,
> SUSAN L. CARNEY,
> MYRNA PÉREZ,
> *Circuit Judges.*

_____

Holly Blinkoff,

*Plaintiff-Appellant,*

v.                                                            23-717

City of Torrington, Planning and Zoning Commission, for the City of Torrington, Greg Mele, Gregory Perosino, Nicole Dorman, Dave Frascarelli,

*Defendants-Appellees.*<sup>\*</sup>

_____

**FOR PLAINTIFF-APPELLANT:**           HOLLY BLINKOFF, pro se,
                                       Torrington, CT.


**FOR DEFENDANT-APPELLEE DORMAN:**     NICOLE DORMAN, pro se,
                                       Glastonbury, CT.

**FOR THE CITY DEFENDANTS-APPELLEES[1]:** ANDREW GLASS (Dennis Durao,
                                       *on the brief*), Karsten & Tallberg,
                                       LLC, Rocky Hill, CT.


Appeal from a judgment of the United States District Court for the District of Connecticut (Underhill, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment is **AFFIRMED**.

Holly Blinkoff appeals the district court's dismissal of her suit to set aside the final judgments of two prior actions. In 1997, Blinkoff sued the City of Torrington Planning and Zoning Commission (the "Commission") and several of its members. She asserted, inter alia, an Equal Protection Clause claim, alleging

---

\* The Clerk of Court is respectfully directed to amend the official caption as set forth above.

[1] The City Defendants-Appellees are City of Torrington; Planning and Zoning Commission, for the City of Torrington; and three members of the Planning and Zoning Commission—Greg Mele, Gregory Perosino, and Dave Frascarelli—who are each sued in their official capacities.

2

that the defendants had discriminated against her on the basis of her sex and religion in the permitting process for her gravel quarry. *See Blinkoff v. Torrington Planning*, No. 3:97-cv-1345 (D. Conn.) (the "1997 Case"). In 2006, she claimed that Defendant-Appellee Nicole Dorman, who was counsel for the City of Torrington in the prior case, and other defendants had prevented material witness Ray Carpentino from testifying in the 1997 Case and thereby committed fraud on the court. *See Blinkoff v. Dorman*, No. 3:06-cv-607 (D. Conn.) (the "2006 Case"). The defendants in both cases prevailed following trial. *See Blinkoff v. Dorman*, No. 3:06-cv-607, 2007 WL 4373130, at * 1–2 (D. Conn. Dec. 12, 2007). We assume the parties' familiarity with the remaining facts, the procedural history, and the issues on appeal, which we recount only as necessary to explain our decision.

## I.      Blinkoff's Equal Protection Claim

The district court dismissed Blinkoff's Equal Protection claim, concluding both that res judicata barred her from reasserting it and that no "new evidence" exception to res judicata applied. This Court reviews the granting of a motion to dismiss de novo. *See Soules v. Conn. Dep't of Emergency Servs. & Pub. Prot.*, 882 F.3d 52, 55 (2d Cir. 2018); *City of Pontiac Gen. Employees' Ret. Sys. v. MBIA, Inc.*, 637 F.3d 169, 173 (2d Cir. 2011).

The doctrine of res judicata, or claim preclusion, bars re-litigation if "(1) the previous action involved an adjudication on the merits; (2) the previous action involved the same adverse parties or those in privity with them; and (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." *Marcel Fashions Grp., Inc. v. Lucky Brand Dungarees, Inc.*, 779 F.3d 102, 108 (2d Cir. 2015) (alteration adopted and citation omitted). Whether a judgment in a prior action will have preclusive effect "depends in part on whether the same transaction or connected series of transactions is at issue, whether the same evidence is needed to support both claims, and whether the facts essential to the second were present in the first." *Monahan v. N.Y.C. Dep't of Corr.*, 214 F.3d 275, 285 (2d Cir. 2000) (citation omitted). Here, the jury verdict against Blinkoff suffices as a judgment on the merits. This action and the 1997 Case involve the same parties or their privies. Finally, this case again stems from Blinkoff's grievances regarding the selective enforcement of zoning laws against her and the denial of a permit to operate a particular quarry. Res judicata thus bars this action unless an exception applies.

Blinkoff asserts that the recent operation, without a permit, of a larger quarry on her former land by another entity, O&G Industries (the "O&G Quarry"),

4

constitutes newly discovered evidence that the Defendants violated her Equal Protection rights in their adjudication of her permit application and therefore relieves her of the res judicata bar. We doubt that the evidence to which she points provides a sound basis for relief from the claim-preclusive effects of the judgment in the 1997 Case.

But even assuming that the operation of the O&G Quarry qualifies for an exception to claim preclusion, *see Saud v. Bank of New York*, 929 F.2d 916, 920 (2d Cir. 1991) (explaining that while "newly discovered evidence does not" ordinarily "preclude the application of *res judicata*," we recognize an exception "when the evidence . . . could not have been discovered with due diligence"), the existence of the O&G Quarry does not support Blinkoff's Equal Protection claim on either a class-of-one or selective enforcement theory.

A class-of-one claim requires an "extremely high degree of similarity" between the plaintiff and "the persons to whom [she] compare[s]" herself. *See Clubside, Inc. v. Valentin*, 468 F.3d 144, 159 (2d Cir. 2006). A plaintiff must likewise locate a comparator for any selective-enforcement claim, and that comparator must be "similarly situated" to her "in all material respects." *See Hu v. City of New York*, 927 F.3d 81, 96 (2d Cir. 2019) (citation omitted). Here, however, over 20 years

5

have elapsed between Blinkoff's alleged injury and her observation of the operation of the O&G Quarry. As a result, Blinkoff and O&G Industries do not exhibit an "extremely high" degree of similarity, *see Clubside*, 468 F.3d at 159, nor are they "similarly situated in all material respects," *see Hu*, 927 F.3d at 96. Blinkoff may not revive the 1997 Case on the basis of these purported new facts, and her complaint cannot survive a motion to dismiss for failure to state a claim.

## II. Blinkoff's Rule 60(d) Claim

Neither did the district court err in dismissing Blinkoff's claim to set aside the judgment in the 2006 Case under Rule 60(d)(3). Following a bench trial in that previous action, the district court ruled that Blinkoff had not established that she was entitled to relief from the judgment in the 1997 Case, because she had not shown the requisite "fraud on the court" related to Carpentino's unrealized testimony in the 1997 Case. *See* Fed. R. Civ. P. 60(d)(3) (providing that a court may set aside a previous judgment where there was "fraud on the court"). Blinkoff now asserts that she is entitled to Rule 60(d)(3) relief from the 2006 Case's judgment.[2] She submitted to the district court excerpts of Dorman's deposition

---

[2] We concur with the district court that inquiry into fraud on the court in the 2006 Case subsumes the question of whether there was fraud on the court in the 1997 Case. *See* Supp. App'x 14 n.3. Because Blinkoff is not entitled to Rule 60(d)(3) relief from the judgment in the 2006 Case, the determination therein that

6

testimony in a related state-court proceeding from 2011, which she argues contradicts Dorman's statements at trial in the 2006 Case.

We review the denial of a Rule 60(d) claim for abuse of discretion. *See Marco Destin, Inc. v. Levy*, 111 F.4th 214, 218 (2d Cir. 2024). Relief under Rule 60(d)(3) is "limited to fraud which seriously affects the integrity of the normal process of adjudication." *Gleason v. Jandrucko*, 860 F.2d 556, 559 (2d Cir. 1988). Fraud on the court "embraces only that species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases." *Hadges v. Yonkers Racing Corp.*, 48 F.3d 1320, 1325 (2d Cir. 1995) (internal quotation marks and citation omitted). "[F]raud involving injury to a single litigant" generally does not rise to the level of fraud upon the court itself. *See Gleason*, 860 F.2d at 560.

Here, Blinkoff has not demonstrated that her purported evidence of fraud on the court in the 2006 Case would entitle her to relief.[3] To begin, Blinkoff appears

there was no fraud on the court in the underlying, 1997 Case stands. *See Campaniello Imports, Ltd. v. Saporiti Italia S.p.A.*, 117 F.3d 655, 663 (2d Cir. 1997).

[3] Claims sounding in fraud must conform to the heightened pleading standard set forth in Federal Rule of Civil Procedure 9(b), which requires that the plaintiff "state with particularity the circumstances constituting fraud or mistake." This rule "requires that the plaintiff (1) detail the statements (or omissions) that the plaintiff contends are fraudulent, (2) identify the speaker, (3) state where and when the statements

at most to allege fraud by Dorman, not the remaining Defendants. And the district court correctly noted that the operative complaint's assertion that Dorman "admitted" in the state-court deposition that "she told Mr. Carpentino on April 8th [of 2002] that he was not needed for the [duration of the] trial" mischaracterizes the excerpt of the deposition that Blinkoff includes. *See* Supp. App'x 48–49 (Am. Compl. ¶ 49). Dorman had stated only that she informed Carpentino that he need not appear on April 8. *See id*. at 49 (Am. Compl. ¶ 49) ("Dorman: He was informed *on the eighth* because he never showed up." (emphasis altered)). This deposition testimony accords with Dorman's statements in the 2006 Case, where Dorman similarly explained that she had simply told Carpentino on April 8 that the proceedings were "not going to reach" him that day. *See id*. at 47 (Am. Compl. ¶ 44).

The district court likewise determined that Dorman's responses to Blinkoff's request for admissions in the state-court case were consistent with Dorman's trial testimony in the 2006 Case. In the state-court case, Blinkoff requested that Dorman admit that she "did not have a conversation with" Carpentino on April 5, 10, or 12,

---

(or omissions) were made, and (4) explain why the statements (or omissions) are fraudulent." *Fin. Guar. Ins. Co. v. Putnam Advisory Co., LLC*, 783 F.3d 395, 402–03 (2d Cir. 2015) (citation omitted).

2002, respectively. *Id.* at 77–78 (Am. Compl. Ex. D). Dorman responded that as of 2011, when she submitted her responses, she could not "admit or deny" having conversations on those 2002 dates. *Id.* She also explained that the record in the 2006 Case reflected that she had spoken to Carpentino on at least some of the trial days. *Id.* That is, Dorman's responses acknowledged, and did not contradict, her statements in the 2006 Case.

Finally, the district court correctly explained that Blinkoff misrepresented Dorman's state-court deposition testimony as "den[ying] [Dorman] ever testified she spoke to Mr. Carpentino," *see id*. at 49 (Am. Compl. ¶ 53) (internal quotation marks omitted), when in the relevant excerpt, Dorman had only asserted that she "did not say [she] spoke to [Carpentino]" on a particular two-minute call, *see id*. at 64 (Am. Compl. Ex. A).

In the absence of a meritorious Rule 60 claim, we find no error in the district court's dismissal of Blinkoff's claim of fraud on the court in connection with the 2006 Case. *See Campaniello Imports, Ltd. v. Saporiti Italia S.p.A.*, 117 F.3d 655, 663 (2d Cir. 1997) ("Absent a viable direct attack" on a prior action, "res judicata precludes the parties or their privies from relitigating issues that were or could have been raised in that action." (internal quotation marks and citation omitted)).

### III.    Pending Motions

Finally, we consider Blinkoff's pending motions.  We deny Blinkoff's motion requesting that this Court disregard Defendants-Appellees' arguments on her Equal Protection claim.  That issue is properly before this Court because Blinkoff herself has appealed the district court's grant of Defendants' motion to dismiss as to that claim.  We also deny Blinkoff's motion to take judicial notice of an excerpt from a newspaper article, excerpts from a contract filed in an unrelated state court action, and various site plans for the property for which she sought a permit as moot in light of our disposition of this appeal.  *See* Fed. R. Evid. 201(b)(1).  We deny Appellees' motion to file a response to Blinkoff's motion to take judicial notice as moot.

We have considered Appellant's remaining arguments and conclude they are without merit.  Accordingly, we **AFFIRM** the judgment of the district court and **DENY** Appellant's pending motions.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court