*Giurca v. Montefiore Health Sys., Inc.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of September, two thousand twenty-five.

PRESENT:
        RICHARD C. WESLEY,
        RICHARD J. SULLIVAN,
        MICHAEL H. PARK,
            *Circuit Judges.*

_____

DR. DAN GIURCA,

        *Plaintiff-Appellant,*

        v.                           No. 24-858

MONTEFIORE HEALTH SYSTEM, INC., M.D. JEFFREY WEISS, M.D. CLAUS VON SCHORN, M.D. GARY ISHKANIAN,

        *Defendants-Appellees.*

_____

For Plaintiff-Appellant:	MICHAEL H. SUSSMAN, Sussman & Goldman, Goshen, NY.

For Defendants-
Appellees:	JEFFREY R. BABBIN (Mary Gambardella, Lawrence Peikes, *on the brief*), Wiggin and Dana LLP, New Haven, CT.

Appeal from an order of the United States District Court for the Southern District of New York (Edgardo Ramos, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the March 20, 2024 order of the district court is **AFFIRMED**.

Plaintiff-Appellant Dan Giurca, a medical doctor, appeals from an order of the district court denying his motion under Federal Rule of Civil Procedure 60(d)(3) to reopen his previously dismissed claims against his former employer, Montefiore Health Systems, Inc. ("Montefiore"), and others (collectively, "Defendants") for violations of the federal False Claims Act and New York state law.  Giurca contends that the district court overlooked newly discovered evidence revealing that Defendants engaged in fraud on the court.  We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we reference only as necessary to explain our decision to affirm.

On December 10, 2018, Giurca filed suit against Montefiore and three senior Montefiore physicians, alleging that they unlawfully retaliated against him after he reported malpractice at the hospital. He further alleged that Defendants defamed him and tortiously interfered with his contractual relationship with Orange Regional Medical Center ("ORMC"). In July and August 2020, Defendants filed several letters on the docket advising the district court that Giurca had engaged in serious misconduct during discovery, including the late production of audio recordings and the improper redaction and alteration of those recordings. As a result, the district court imposed sanctions on Giurca and awarded attorneys' fees and costs to Defendants. On August 25, 2020, before Giurca had paid the discovery sanctions, the parties filed a joint stipulation of dismissal pursuant to Rule 41(a)(1)(A)(ii). The joint stipulation, which Giurca signed, dismissed with prejudice "all claims or causes of action that were or could have been asserted . . . by either party." J. App'x at 279.

On March 5, 2021, Giurca filed a motion pursuant to Rule 60(b)(3) to vacate the dismissal of the case. After leave was granted, Giurca filed that motion, arguing that Montefiore had withheld evidence in order to induce him to voluntarily dismiss his claims. In response, Montefiore served a Rule 11 motion

3

for sanctions, after which Giurca withdrew his motion. Two weeks later, on June 28, 2021, Giurca sought leave to file a new motion to vacate the voluntary dismissal, this time premised on Rule 60(b)(2), based on "newly discovered evidence" produced in a separate action against ORMC. Supp. App'x at 62. The district court denied that request, finding that Giurca had not met the "onerous" burden that Rule 60(b)(2) imposes. *Giurca v. Montefiore Health Sys., Inc.*, No. 18-cv-11505 (ER) (BCM), 2021 WL 2739061, at *4 (S.D.N.Y. July 1, 2021).

On June 21, 2023, Giurca attempted for the third time to vacate the voluntary dismissal and reopen his case, this time pursuant to Rules 60(d)(3) and 60(b)(6).[1] Once again, Giurca alleged that newly discovered evidence – the same evidence referenced in his previous Rule 60(b)(2) motion – revealed that Montefiore deliberately withheld evidence and committed perjury in the original action, thereby perpetrating a fraud on the court. J. App'x at 1498–1505. A magistrate judge recommended denying this motion, concluding that Giurca had failed to produce clear and convincing evidence that counsel engaged in sufficient

---

[1] While Giurca sought relief below under Rule 60(b)(6), he raises no arguments on appeal challenging the district court's order denying his Rule 60(b)(6) motion, and has therefore forfeited any challenge to that ruling. *See Revitalizing Auto Cmtys. Env't Response Tr. v. Nat'l Grid USA*, 10 F.4th 87, 100 n.9 (2d Cir. 2021).

4

misconduct to trigger application of Rule 60(d)(3), that Rule 60(b)(6) was not available to him because he had already sought relief on grounds covered by Rule 60(b)(2) and Rule 60(b)(3), and "[m]otions made pursuant to subsection (6) must be based upon some reason other than those stated in clauses (1)–(5)." *Id.* at 1682 (internal quotation marks omitted). The district court thereafter adopted the magistrate's report and recommendation. *Id.* at 1756. This appeal followed.

We review a district court's denial of relief under Rule 60(d)(3) for abuse of discretion. *See Marco Destin, Inc. v. Levy*, 111 F.4th 214, 218–19 (2d Cir. 2024). To warrant relief under Rule 60(d)(3), a party must demonstrate a "fraud on the court" that "seriously affect[ed] the integrity of the normal process of adjudication." *Gleason v. Jandrucko*, 860 F.2d 556, 559 (2d Cir. 1988). In doing so, the plaintiff "must prove, by clear and convincing evidence, that the defendant interfered with the judicial system's ability to adjudicate impartially and that the acts of the defendant [were] . . . of such a nature as to have prevented the plaintiff from fully and fairly presenting a case or defense." *Mazzei v. The Money Store*, 62 F.4th 88, 93–94 (2d Cir. 2023). Fraud on the court is distinct from fraud on an adverse party, and "embraces only that species of fraud which does[,] or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that

5

the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases." *Hadges v. Yonkers Racing Corp.*, 48 F.3d 1320, 1325 (2d Cir. 1995) (internal quotation marks omitted); *see also Gleason*, 860 F.2d at 560 (noting that "fraud involving injury to a single litigant" generally will not meet the level of fraud on the court).

We conclude that the district court did not abuse its discretion in denying Giurca's Rule 60(d)(3) motion. Giurca contends that Defendants' counsel committed "fraud on the court" by deliberately concealing material evidence relevant to the case. But almost none of the evidence identified by Giurca was in the possession of Defendants, and the law is clear that Defendants have no obligation to produce evidence not in their "possession, custody, or control." Fed. R. Civ. P. 34(a)(1). At most, Giurca identifies a single email – from ORMC's security officer to Montefiore's director of security requesting information concerning a "flyer about Dr. Giurca" – that was in Defendants' possession and was arguably improperly withheld. J. App'x at 1468. But Giurca has produced no evidence to suggest that Defendants' failure to produce that email was intentional rather than inadvertent.

Clearly, the failure to produce a single email does not constitute a "deliberately planned and carefully executed scheme to defraud" the court. *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 245 (1944). While Defendants should have produced the email, Rule 60(d)(3) clearly requires more than simple nondisclosure. *See Gleason,* 860 F.2d at 560 ("fraud involving injury to a single litigant" will generally not meet the level of "fraud on the court.")

\* \* \*

We have considered Giurca's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

7