15-1238-cv
Mahan v. Roc Nation, LLC

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of February, two thousand sixteen.

PRESENT: AMALYA L. KEARSE,
         DENNIS JACOBS,
         CHESTER J. STRAUB,
                   **Circuit Judges.**

- - - - - - - - - - - - - - - - - - - -X
CHAUNCEY MAHAN,
         **Plaintiff-Appellant,**

         -v.-                                    15-1238-cv

ROC NATION, LLC, ROC-A-FELLA RECORDS, LLC, SHAWN CARTER p/k/a "JAY Z",
         **Defendants-Appellees.**
- - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:              JAMES H. FREEMAN, JH Freeman Law, New York, NY.

FOR ROC-A-FELLA APPELLEE:   ANDREW H. BART (Lindsay W. Bowen, on the brief), Jenner & Block LLP, New York, NY.

**FOR SHAWN CARTER APPELLEE:** ANDREW H. BART (Lindsay W. Bowen, on the brief), Jenner & Block LLP, New York, NY.

**FOR ROC NATION APPELLEE**: CYNTHIA S. ARATO (Daniel J. O'Neill, on the brief), Shapiro Arato LLP, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Schofield, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED** and the case be **REMANDED** for further proceedings.

Chauncey Mahan appeals from the judgment of the United States District Court for the Southern District of New York (Schofield, J.) dismissing his claims alleging copyright co-ownership and conspiracy to commit conversion and/or trespass to chattel. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

From 1999 to 2000, Mahan was a sound engineer for a number of songs recorded by Roc-A-Fella Records. For his work, Mahan received a flat fee but did not obtain a right to royalties. Roc-A-Fella Records released most of these songs on albums during 1999 and 2000 (the "Albums"); the rest remained unpublished (the "Unpublished Recordings"). The Albums bear a copyright notice that lists Roc-A-Fella Records as the sole copyright owner. In 2000, Roc-A-Fella Records filed separate copyright registrations for each of the Albums; these registration statements list Roc-A-Fella Records as the sole owner (and do not mention Mahan). The Albums sold millions of copies.

Nearly fourteen years later – during which interval Mahan received no royalties from the sales of the Albums – Mahan demanded that Roc Nation pay him a $100,000 "storage fee" for keeping the Unpublished Recordings, or else Mahan would auction off the songs. Believing Mahan to be in unlawful possession of its property, counsel for Roc Nation contacted the LAPD,

which seized the Unpublished Recordings.  The LAPD did not press charges against Mahan.

After the LAPD incident, Mahan sued for a declaratory judgment that he is a co-owner of the songs on the Albums and of the Unpublished Recordings and to obtain damages for the defendants' alleged conspiracy to commit conversion and/or trespass to chattel.  The district court dismissed the copyright claims as time-barred and dismissed the claim alleging conversion and/or trespass to chattel for failure to state a claim because any communication that Roc Nation made to the LAPD was privileged.  The district court also awarded defendants attorney's fees because Mahan's copyright claims were objectively unreasonable and doing so would deter future similarly frivolous lawsuits.  This appeal followed.[1]

We review the grant of a motion to dismiss de novo, accept as true all factual allegations, and draw all reasonable inferences in favor of the plaintiff.  Fink v. Time Warner Cable, 714 F.3d 739, 740-41 (2d Cir. 2013).  We review the award of attorney's fees under the Copyright Act for abuse of discretion.  Matthew Bender & Co. v. West Publ'g Co., 240 F.3d 116, 121 (2d Cir. 2001).

**1.**  Claims of co-ownership under the Copyright Act must be brought within three years of accrual.  See Merchant v. Levy, 92 F.3d 51, 56 (2d Cir. 1996).  A claim accrues when a reasonably diligent plaintiff knows or has reason to know of the injury upon which the claim is premised.  Id.; see also Kwan v. Schlein, 634 F.3d 224, 228 (2d Cir. 2011).  Claims of co-ownership typically accrue once there has been an "express repudiation" of ownership.  See Gary Friedrich Enter., LLC v. Marvel Characters, Inc., 716 F.3d 302, 317 (2d Cir. 2013).  A claim for co-ownership can accrue when "a book is published without the alleged co-author's name on it" or "alleged co-owners learn they are entitled to royalties that they are not receiving."  Id.  Either scenario would satisfy the

---

[1]  After Mahan appealed, he filed for personal bankruptcy, triggering the automatic stay under 11 U.S.C. § 362.  On February 17, 2016, the bankruptcy court lifted the automatic stay as to this action.

3

"express repudiation" standard to trigger accrual of a co-ownership claim.

By Mahan's own admission, it is clear that Roc-A-Fella Records had long ago expressly repudiated his ownership claims. The Albums, which have sold millions of copies since being released in 1999 and 2000, bear a copyright notice that lists Roc-A-Fella Records as the sole copyright owner. Mahan, an experienced sound engineer in the recording industry, had received no royalties for the sale of the Albums for fourteen years. These circumstances constitute clear "express repudiation" of Mahan's alleged co-ownership of the copyright. Mahan brought suit over ten years after the expiration of the applicable statute of limitations. All of his claims under the Copyright Act are time-barred.

**2.** Mahan seeks damages for conspiracy to commit conversion and/or trespass to chattel. Under California law (which governs this claim), communications made to law enforcement personnel enjoy absolute privilege. Hagberg v. Cal. Fed. Bank FSB, 32 Cal. 4th 350, 364 (2004). Mahan alleges that Roc Nation contacted the LAPD to report his purported unlawful possession of the Unpublished Recordings, leading to their seizure. This is precisely the type of communication that California immunizes from tort liability. See Action Apartment Ass'n, Inc. v. City of Santa Monica, 41 Cal. 4th 1232, 1246 (2007).

**3.** The district court awarded attorney's fees to the defendants as the prevailing parties under 17 U.S.C. § 505, which provides that "[i]n any civil action under this title, the court in its discretion may . . . award a reasonable attorney's fee to the prevailing party." Applying the Fogerty v. Fantasy, Inc. factors, the district court concluded that Mahan's position was objectively unreasonable and that awarding fees would deter similar frivolous suits from being filed by others. 510 U.S. 517, 534 n.19 (1994). The district court awarded 90% of the lodestar amount. The district court did not abuse its discretion in awarding attorney's fees or in its fee calculation.

**4.**  Defendants also seek attorney's fees and costs for this appeal under 17 U.S.C. § 505.  Mahan's arguments here are as frivolous as those he made below; an award of attorney's fees would further the objectives of the Copyright Act by deterring such baseless appeals.  See id.  We remand to the district court for the limited purpose of calculating defendants' attorney's fees and costs for litigating this appeal.  The district court in its discretion may determine whether to hold Mahan's counsel personally liable for the assessed attorney's fees and costs.

Accordingly, and finding no merit in all of Mahan's arguments, we hereby **AFFIRM** the judgment of the district court and **REMAND** the case for further proceedings consistent with this order.

                                        FOR THE COURT:
                                        CATHERINE O'HAGAN WOLFE, CLERK