Mahan v. Roc Nation, LLC, et. al

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of January, two thousand eighteen.

PRESENT:
> **DENNIS JACOBS,**
> **REENA RAGGI,**
> **CHRISTOPHER F. DRONEY,**
> > <u>**Circuit Judges**</u>.

_____

**Chauncey Mahan,**

> <u>**Petitioner-Appellant**</u>,

> v.                                                                                 **16-2791**

**Roc Nation, LLC, Roc-A-Fella Records, LLC, Shawn Carter, p/k/a "Jay Z",**

**Respondents-Appellees.**

_____

FOR PETITIONER -APPELLANT:        Chauncey Mahan, pro se, San Francisco, CA.

FOR RESPONDENTS-APPELLEES:        Andrew H. Bart, Jenner & Block LLP, New York, NY.

Appeal from an order of the United States District Court for the Southern District of New York (Schofield, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Petitioner-appellant Chauncey Mahan, pro se, appeals from the district court's order awarding possession of property seized by the Los Angeles Police Department ("LAPD") to respondent-appellee Roc-A-Fella Records, LLC, pursuant to 17 U.S.C. § 503(b) of the Copyright Act. Mahan, a sound engineer, sued respondents Roc Nation, LLC; Roc-A-Fella Records, LLC; and Shawn Carter ("Jay Z") under the Copyright Act, seeking a declaratory judgment that he was the co-owner of recordings created in 1999 and 2000, which were stored on disks, CDs, cartridges, computers, hard drives, and an audio player, and kept in Mahan's personal storage unit until they were seized by the LAPD in 2014. In 2016, we affirmed the district court's dismissal of the action, awarded attorney's fees and costs to the respondents for Mahan's appeal, and remanded to the district court for the limited purpose of calculating those fees and costs. See Mahan v. Roc Nation, LLC, 634 F. App'x 329 (2d Cir. 2016). On remand, the respondents sought possession of the property seized by the LAPD, and the district court imposed the § 503(b) order from which Mahan now appeals. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

The relevant statute provides:

> As part of a final judgment or decree, the court may order the destruction or other reasonable disposition of all copies or phonorecords found to have been made or used in violation of the copyright owner's exclusive rights, and of all plates, molds, matrices, masters, tapes, film negatives, or other articles by means of which such copies or phonorecords may be reproduced.

17 U.S.C. § 503(b).   We review orders issued under 17 U.S.C. § 503(b) for abuse of discretion.   Rogers v. Koons, 960 F.2d 301, 313 (2d Cir. 1992).   Upon review, we conclude that the district court's order awarding possession of the seized property to Roc-A-Fella Records under § 503(b) was not an abuse of discretion. We take Mahan's arguments one-by-one.

First, the district court's order did not violate the mandate rule.   The mandate rule precludes re-litigation of matters expressly or impliedly resolved by an appellate court's mandate.   Brown v. City of Syracuse, 673 F.3d 141, 147 (2d Cir. 2012).   This Court did not resolve the issue of possession of the seized property, either expressly or impliedly, in Mahan's prior appeal.   See Mahan v. Roc Nation, LLC, 634 F. App'x 329 (2d Cir. 2016).

Second, the respondents did not have to prove that copyright infringement had already occurred.   The statute permits the court to order the reasonable disposition of property "by means of which such copies or phonorecords *may* be reproduced."   17 U.S.C. § 503(b) (emphasis added).

Third, § 503(b) is an equitable remedy that does not require compliance with state statutes of limitations for separate and unrelated torts, or pleading at the outset of an action, or seizure of property.   See Rogers, 960 F.2d at 313 (order to turn over property in a copyright infringement case was "an equitable remedy issued under the broad powers vested in a trial judge under 17 U.S.C. § 503(b)").

3

The district court had authority to order the reasonable disposition of the disputed property pursuant to § 503(b) irrespective of whether Mahan could raise Fourth Amendment claims against the LAPD.

Fourth, the district court did not violate due process. Mahan received notice and had an opportunity to be heard prior to the issuance of the § 503(b) order, and he three times opposed or objected to the order. The district court was not required to provide a jury trial. See Germain v. Conn. Nat. Bank, 988 F.2d 1323, 1328 (2d Cir. 1993).

Fifth, Mahan did not show that the respondents allegedly fraudulent statements amounted to fraud on the court. See Gleason v. Jandrucko, 860 F.2d 556, 559 (2d Cir. 1988) (litigant must show that fraud "seriously affect[ed] the integrity of the normal process of adjudication").

Finally, we easily conclude that Judge Schofield's impartiality would not be reasonably questioned by an objective observer. See SEC v. Razmilovic, 738 F.3d 14, 29 (2d Cir. 2013).

We have reviewed Mahan's remaining arguments and find them to be without merit or improperly raised for the first time on appeal. Accordingly, we **AFFIRM** the order of the district court.

> FOR THE COURT:
> Catherine O'Hagan Wolfe, Clerk

4