**David KING, Plaintiff–Appellant,**

v.

**FIRST AMERICAN INVESTIGATIONS, INC., Genesis Investigations, Ltd., Defendants,**

**MTA Bridges and Tunnels, Michael C. Ascher, Harris M. Schechtman, Raymond V. Hickman, James Fortunato, Walter Fox, Credit Bureau of Port Chester, Inc., TR Security, Defendants–Appellees.**

**Docket No. 01–7550.**

United States Court of Appeals, Second Circuit.

Submitted: Jan. 8, 2001.

Decided: March 27, 2002.

---

David King, pro se, Brooklyn, NY, for Appellant.

Christopher E. Chang, New York, NY, for Appellees.

Before JACOBS, F.I. PARKER, SOTOMAYOR, Circuit Judges.

PER CURIAM.

David King appeals from the March 28, 2001 Order of the United States District Court for the Eastern District of New York (Trager, J.), denying King's motions to vacate the court's 1998 final judgment (which was previously affirmed by this Court), and to recuse the district judge.

**A**

In 1994, while he was employed by the Triborough Bridge and Tunnel Authority ("TBTA"), King filed a complaint, and later an amended complaint, against the TBTA and several TBTA officials, alleging (among other things): (a) that the TBTA violated his due process rights by placing him on an involuntary leave of absence without notice or a hearing and by withholding his gun; (b) that the TBTA conspired to harm him and did harass him; and (c) that the TBTA subjected King to disparate treatment on account of his race. Amended Compl. at ¶¶ 13–16, 18, 20, 26–30. In August 1996, King submitted a proposed *second* amended complaint alleging that the TBTA violated his due process rights by failing to comply with the notice requirements of N.Y. Civil Service Law § 72 before placing King on leave. *See* Rec. on App. doc. 97. The record reflects no motion asking the court to accept the "proposed [second] amended complaint," which was docketed as such, *see* Rec. on App. doc. 203, docket sheet entry # 97, nor an acceptance of the proposed amended complaint.

In 1998, a jury awarded King $650,000 in compensatory damages on the due process claim pertaining to the involuntary leave of absence. Upon the TBTA's motion, the district court set aside the verdict as against the weight of the evidence. King

appealed on several grounds and this Court affirmed the judgment setting aside the verdict and dismissing the action. *King v. MTA Bridges and Tunnels,* No. 98–9206, 173 F.3d 844, 1999 WL 264925 (2d Cir. Apr. 23, 1999). King's petition for rehearing was denied, and the U.S. Supreme Court denied King's petition for a writ of certiorari as well as his petition for a rehearing of the order denying the writ.

While King's appeal was pending, he sent a letter to the district court in which he referred to the proposed second amended complaint. Counsel for defendants-appellees, Christopher Chang, responded by letter stating that he was unaware that the proposed second amended complaint had been accepted by the district court (indeed, there is no indication of such acceptance); that the first amended complaint, which Chang furnished to the court at trial for the framing of the issues, *see* Rec. on App. doc. 201 at Exh. A, was essentially the same as the second; and that both of them contained the factual basis for King's allegation that the TBTA did not comply with N.Y. Civil Service Law § 72. *Id.*

In May 2000, King filed a motion in the district court (i) seeking to vacate the judgment, pursuant to Fed.R.Civ.P. 60(b) and N.Y. C.P.L.R. 231(8), and (ii) asking the district judge to recuse himself, pursuant to 28 U.S.C. § 455. The grounds alleged were that Chang committed fraud upon the court (and King) by tampering with the evidence and making various misrepresentations to the court.

**B**

■ 1. *The Alleged Fraud on King.* We affirm the denial of King's motion to vacate the judgment. The motion to vacate for alleged fraudulent acts committed upon King is time-barred. Rule 60(b) provides that a motion to vacate due to fraud or misrepresentation "shall be made ...

not more than one year after the judgment, order, or proceeding was entered or taken." Fed.R.Civ.P. 60(b). Judgment was entered on August 12, 1998 and King filed the Rule 60(b) motion to vacate on May 11, 2000. King argues that an appeal of the judgment tolls the one year period for filing a Rule 60(b) motion based on fraud. The rule is to the contrary. *Federal Land Bank of St. Louis v. Cupples Bros.,* 889 F.2d 764, 766–67 (8th Cir.1989); *Nevitt v. United States,* 886 F.2d 1187, 1188 (9th Cir.1989); *Hancock Indus. v. Schaeffer,* 811 F.2d 225, 239 (3d Cir.1987); *Carr v. District of Columbia,* 543 F.2d 917, 925–26 (D.C.Cir.1976); *Transit Casualty Co. v. Security Trust Co.,* 441 F.2d 788, 791 (5th Cir.1971); *Jones v. Capital Cities/ABC Inc.,* 168 F.R.D. 477, 479 n. 3 (S.D.N.Y.1996); *see also Warren v. Garvin,* 219 F.3d 111, 114 (2d Cir.2000) (stating that the one year limitation period governing Rule 60(b) motions for relief from judgment based on fraud is "absolute."). Such tolling is unnecessary because a Rule 60(b) motion "can be made even though an appeal has been taken and is pending." *Transit Casualty,* 441 F.2d at 791. This Circuit allows a district court either to "entertain and *deny* the rule 60(b) motion" without the circuit court's permission, or "*grant* a rule 60(b) motion after an appeal is taken ... if the moving party obtains permission from the circuit court." *Toliver v. County of Sullivan,* 957 F.2d 47, 49 (2d Cir.1992). This procedural accommodation obviates tolling of the appeals process.

■ Further, there is no merit to King's contention that his motion to vacate is governed by the six-year statute of limitations found in state procedural law. N.Y. C.P.L.R. 213(8). Rule 213(8) governs the time for filing tort claims of fraud under state law, not the time for filing motions to vacate federal judgments due to fraud.

**2.** *The Alleged Fraud on the Court.* King's motion to vacate for fraud committed upon the court is not subject to the one year limitation period. Fed. R.Civ.P. 60(b); *see also Hadges v. Yonkers Racing Corp.,* 48 F.3d 1320, 1325 (2d Cir. 1995); *Gleason v. Jandrucko,* 860 F.2d 556, 558–59 (2d Cir.1988). We therefore review King's claims with respect to fraud upon the court.

"[T]he type of fraud necessary to sustain an independent action attacking the finality of a judgment is narrower in scope than that which is sufficient for relief by timely motion" under Rule 60(b)(3) for fraud on an adverse party. *Gleason,* 860 F.2d at 558. " '[F]raud upon the court' as distinguished from fraud on an adverse party is limited to fraud which seriously affects the integrity of the normal process of adjudication." *Id.* at 559 (citing *Kupferman v. Consol. Research & Mfg. Corp.,* 459 F.2d 1072, 1078 (2d Cir. 1972)). Fraud upon the court should embrace "only that species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases." *Hadges,* 48 F.3d at 1325 (quoting *Kupferman,* 459 F.2d at 1078 (internal quotation marks omitted)). Fraud upon the court must be established by clear and convincing evidence. *See Madonna v. United States,* 878 F.2d 62, 65 (2d Cir.1989).

King's first allegation of fraud is that Chang removed King's second amended complaint from the district court's file in order to cover up Chang's failure to file an answer; the second allegation is that Chang, in an attempt to conceal evidence of King's efforts to mitigate damages, removed the second page of a letter included in the appendix King submitted as part of the record on appeal. These allegations are unsupported by any evidence, much less clear and convincing evidence. The second amended complaint is in the district court file and in the record on appeal,[1] and the fact that Chang filed no answer does not substantiate the allegation that Chang removed the second amended complaint. Further, there is no evidence to support the contention that Chang removed the second page of the letter from the appendix submitted to this Court by King. Therefore, we reject these claims. *Id.*

Also baseless are King's third through seventh allegations: that Chang (a) falsely represented to the court that King's proposed defamation claim was barred by the statute of limitations; (b) falsely represented to the court that King had presented no evidence to support his due process claims; (c) convinced this Court on appeal that the district court had improperly charged the jury; (d) claimed that the New York City Police Department, rather than the TBTA, prevented King from recovering his gun; and (e) argued that King could not recover lost earnings or "frontpay" and misrepresented to this Court that the jury's verdict was intended to compensate King for lost back pay and emotional distress. "Fraud on the court" is fraud that affects the integrity of the process of adjudication. In these claims, King does no more than complain that the defendants

---

**1.** The copy of the second amended complaint contained in the record on appeal is not accompanied by a cover sheet identifying it as a "proposed" second amended complaint. This cover sheet apparently accompanies the original second amended complaint in the district court file. *See King v. MTA Bridges and Tun-* *nels,* No. 94–3578 (E.D.N.Y. Mar. 28, 2001). However, as noted supra, the proposed second amended complaint is docketed in the district court docket system as a "proposed amended complaint." *See* Rec. on App. doc. 203, docket sheet entry # 97.

disputed his version of the law and facts. This type of dispute is exactly what is expected in the normal adversary process. King's allegations therefore are insufficient to state a claim for fraud on the court.[2] *See Weldon v. United States,* 225 F.3d 647, 2000 WL 1134358, at \*2 (2d Cir. Aug. 9, 2000).

3. *The Recusal.* We also affirm the district court's denial of King's motion to recuse, which we review for an abuse of discretion. *See United States v. Morrison,* 153 F.3d 34, 48 (2d Cir.1998). Recusal of a federal judge is warranted where the judge's "impartiality might reasonably be questioned" or where the judge "has a personal bias or prejudice concerning a party." *Id.* (quoting 28 U.S.C. §§ 455(a) & (b)).

In support of his motion, King argued that the district judge: (a) accused King of abusing the judicial process; (b) "allowed the testimony of a defense witness whose false testimony proved wholly unrelated to the issues on trial" and "permitted defense counsel to bring in another witness . . . to corroborate the false testimony of the other false witness"; (c) referred to King as paranoid during the trial; (d) accused King of "pulling a stunt" when he tried to show that the TBTA tried to prevent his return to work; (e) stated that there was no evidence that the defendants conspired to deprive him of due process even though "[t]he law does not require a showing of a conspiracy to establish a violation of due process"; and (f) favored the TBTA because two of the individual defendants were of the same ethnicity as the judge. Rec. on App. doc. 193 at Aff. at ¶¶ 1–7. We affirm the district court's denial of this motion because none of King's allegations support the inference that the

district judge was prejudiced, biased, or partial to King's adversary. There was no abuse of discretion.

For the reasons set forth above, we affirm the district court's dismissal of King's motion to vacate and motion to recuse.

---

2. Because we reject King's second and fifth allegations on the merits, we need not address the district court's conclusion that it was without jurisdiction to decide them. *See King v. MTA Bridges and Tunnels,* No. 94–3578, Rec. on App. at 8.