StreetEasy, Inc. v. Chertok

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of June, two thousand sixteen.

PRESENT:

> DEBRA ANN LIVINGSTON,
> DENNY CHIN,
> SUSAN L. CARNEY,
> *Circuit Judges.*

_____

StreetEasy, Inc.,[1]

> *Plaintiff-Appellee*,

> v.                                                      15-2003

Douglas Chertok,

> *Defendant-Appellant*.

_____

FOR PLAINTIFF-APPELLEE:          ISAAC ZAUR, Emily S. Reisbaum, Clarick Gueron
                                 Reisbaum LLP, New York, NY.

FOR DEFENDANT-APPELLANT:         DOUGLAS CHERTOK, *pro se*, Pearl River, NY.

_____

[1] NMD Interactive, Inc. has changed its name to StreetEasy, Inc. The Clerk of the Court is directed to amend the official caption to conform with the caption above.

Appeal from an order of the United States District Court for the Southern District of New York (Sullivan, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Appellant Douglas Chertok, an attorney proceeding *pro se*, appeals the district court's order awarding $19,192.33 in attorney's fees to StreetEasy, Inc. ("StreetEasy"), representing a sanction against Chertok under Federal Rule of Civil Procedure 11. Previously, we vacated two out of the three violations of Rule 11 on which the district court based its original sanctions award against Chertok, and remanded for reconsideration of the appropriate amount of sanctions. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

*    *    *

We review a district court's imposition of Rule 11 sanctions for abuse of discretion. *Schlaifer Nance & Co. v. Estate of Warhol*, 194 F.3d 323, 333 (2d Cir. 1999). This deferential standard applies because the district court is "[f]amiliar with the issues and litigants" and thus "better situated than the court of appeals to marshal the pertinent facts and apply [a] fact-dependent legal standard." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 402 (1990). When reviewing Rule 11 sanctions, however, we "nevertheless need to ensure that any [sanctions] decision is made with restraint." *Schlaifer Nance & Co.*, 194 F.3d at 334. "[D]iscretion implies that a decision is lawful at any point within the outer limits of the range of choices appropriate to the issue at hand." *Eastway Constr. Corp. v. City of New York*, 821 F.2d 121, 123 (2d Cir. 1987).

The district court's sanctions award was not an abuse of discretion. The district court based its award on a variety of factors: it cited the need for deterrence, and recognized that "the

willful and pervasive nature of [Chertok]'s misrepresentations, and the time and effort they added to this litigation," called for a "considerable sanction." Joint App'x 290-91. It balanced those considerations against the fact that we vacated two out of the three Rule 11 violations it originally relied on, and the fact that StreetEasy devoted less than one third of its submissions to the affirmed Rule 11 violation. Under these circumstances, it cannot be said that the district court's decision to award one-third of the original amount was not within the range of permissible decisions. *See Eastway Constr. Corp.*, 821 F.2d at 123 (recognizing district court's wide range of discretion in setting amount of Rule 11 sanctions); *see also Caisse Nationale de Credit Agricole-CNCA, N.Y. Branch v. Valcorp, Inc.*, 28 F.3d 259, 266 (2d Cir. 1994) (recognizing court discretion in determining reasonable fee under Rule 11).

Chertok argues, in essence, that the sanctions award must be less than one-third of the original amount because less than one-third of the effort resulted directly from the violation. He cites Rule 11(c)(4), which provides as follows:

> A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated. The sanction *may include* nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses *directly resulting from the violation*.

Fed. R. Civ. P. 11(c)(4) (emphases added). We disagree. A sanction must simply be "limited to what suffices to deter repetition of the conduct." *Id.* But it "*may include* . . . an order directing payment . . . of part or all of the reasonable attorney's fees . . . directly resulting from the violation." *Id.* (emphasis added); *see, e.g., S.E.C. v. Smith*, 710 F.3d 87, 98 (2d Cir. 2013) ("District courts are given broad discretion in tailoring appropriate and reasonable sanctions." (alteration omitted) (quoting *O'Malley v. N.Y.C. Trans. Auth.*, 896 F.2d 704, 709 (2d Cir. 1990)));

3

*cf., e.g.*, *Catton v. Def. Tech. Sys. Inc.*, 541 F. App'x 25, 30 (2d Cir. 2013) (summary order) (finding no abuse of discretion where a district court tailored the amount of attorney's fees—awarded in connection with moving for Rule 11 sanctions—to be in line with the "direct result" of the Rule 11 violation). We identify no abuse of discretion in either the decision to award fees in this case, or in the district court's conclusion that the fees awarded resulted directly from the violation. The district court was not obliged to award fees based precisely on the number of pages in the briefing devoted to the sanctionable conduct. As the district court observed, deterrence is the purpose of Rule 11 sanctions, and it had the discretion to set the amount based on all the circumstances. And there is no abuse of discretion in ordering sanctions, as the district court did, in the amount that it awarded.

\*       \*       \*

Chertok next challenges our determination in the prior appeal that the district court did not abuse its discretion in imposing a Rule 11 sanction in connection with Chertok's misrepresentations as to which particular documents related to shareholder and board consents he agreed to sign pursuant to a settlement agreement. He argues, for the first time in this appeal, that we should entirely vacate the sanctions award because the consents were not valid under Delaware law, and so he cannot have made any misrepresentation regarding them. In so arguing, Chertok requests that this Court reverse itself and depart from the law of the case in order to avoid manifest injustice. We decline to do either.

Generally, "a federal appellate court does not consider an issue not passed upon below." *Singleton v. Wulff*, 428 U.S. 106, 120 (1976). But "because that rule is prudential, not jurisdictional, we have discretion to consider waived arguments." *Sniado v. Bank Austria AG*, 378 F.3d 210, 213 (2d Cir. 2004). We are more likely to exercise discretion "(1) where

4

consideration of the issue is necessary to avoid manifest injustice or (2) where the issue is purely legal and there is no need for additional fact-finding." *Readco, Inc. v. Marine Midland Bank*, 81 F.3d 295, 302 (2d Cir. 1996).

The law of the case doctrine requires that "'when a court has ruled on an issue, that decision should generally be adhered to by that court in subsequent stages in the same case,' unless 'cogent' and 'compelling' reasons militate otherwise." *United States v. Quintieri*, 306 F.3d 1217, 1225 (2d Cir. 2002) (first quoting *United States v. Uccio*, 940 F.2d 753, 758 (2d Cir. 1991); then quoting *United States v. Tenzer*, 213 F.3d 34, 39 (2d Cir. 2000)). Such reasons include "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Id.* at 1230 (quoting *Tenzer*, 213 F.3d at 39).

No manifest injustice would result from declining to consider Chertok's new argument or depart from the law of the case. Chertok already petitioned for rehearing of our prior decision; that petition was denied. Chertok offers no convincing explanation as to why he, or his counsel in the proceedings below, did not raise the present argument at an earlier stage, such as in opposition to sanctions. Indeed, the argument appears based on a thirteen-year-old state law case. *See H-M Wexford LLC v. Encorp., Inc.*, 832 A.2d 129, 151 (Del. Ch. 2003). Under these circumstances, we will not exercise our discretion to consider this waived argument or depart from the law of the case.

\* \* \*

On April 27, 2016, Chertok also filed a motion to vacate the judgment for purported fraud on this Court. This motion was opposed, and Chertok then filed his reply. Chertok, however, has not presented clear and convincing evidence to meet the high bar for finding fraud on the Court. *See King v. First Am. Investigations, Inc.*, 287 F.3d 91, 95 (2d Cir. 2002).

5

Accordingly, we **DENY** Chertok's motion, and **AFFIRM** the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk