*Armatas v. Maroulleti*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "Summary Order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

        At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of May, two thousand seventeen.

Present:
            PIERRE N. LEVAL,
            PETER W. HALL,
            DENNY CHIN,
                *Circuit Judges.*

---

PANAGIOTIS ARMATAS,

            *Plaintiff-Appellant,*

                v.                                                    16-2507

ELENA MAROULLETI, INDIVIDUALLY, THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT, POLICE OFFICERS JOHN DOES AND JANE DOES, THE LAST TWO NAMES BEING FICTIOUS, AND WHO ARE EMPLOYEES OF THE NEW YORK CITY POLICE DEPARTMENT WHO ARE NOT YET IDENTIFIED, ERIC CHRISTOPHERSEN, ROBERT EDWIN, STEVEN BORCHERS, ALVIN GOMEZ, SGT. GOETZ, CAREY ALPERT,

            *Defendants-Appellees.*

---

1

For Plaintiff-Appellant:          PANAGIOTIS ARMATAS, *pro se*, Jackson Heights, NY.

For Elena Maroulleti:             Alan Kestenbaum, Weil & Kestenbaum, Bayside, NY.

For City Defendants:              No brief.

Appeal from orders of the United States District Court for the Eastern District of New York (Feuerstein, *J.*; Reyes, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the orders of the district court are **AFFIRMED** in part, and the appeal is **DISMISSED** in part.

In 2010, the district court dismissed Appellant Panagiotis Armatas's 42 U.S.C. § 1983 complaint. After we affirmed the district court's judgment, Armatas moved pursuant to Federal Rule of Civil Procedure 60(d)(3) to set aside the judgment, arguing that counsel for the defendants procured the judgment by submitting fraudulent documents to the district court. The district court denied the motion in 2015. Armatas timely sought reconsideration, and the district court denied his motion in 2016. The district court's 2016 order also granted a defendant's motion for sanctions, including attorneys' fees and a filing injunction enjoining Armatas from further filings in the case. Armatas, proceeding *pro se*, now appeals from the district court's 2015 and 2016 orders.[1]

---

[1] We have jurisdiction to review both orders because Armatas's reconsideration motion renewed arguments made in his Rule 60(d)(3) motion and was filed within 28 days of the district court's 2015 order. *See "R" Best Produce, Inc. v. DiSapio*, 540 F.3d 115, 121 (2d Cir. 2008). However, we lack jurisdiction to review the district court's grant of attorneys' fees because the district court has yet to determine the amount of fees to which the defendant is entitled. *See O & G Indus. v. Nat'l R.R. Passenger Corp.*, 537 F.3d 153, 167 (2d Cir. 2008) ("A non-quantified award of attorneys' fees and costs is not appealable until the amount of the fees has been set by the district court."). Accordingly, we dismiss that portion of Armatas's appeal.

We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We review the district court's Rule 60 decision for abuse of discretion." *United Airlines, Inc. v. Brien*, 588 F.3d 158, 175 (2d Cir. 2009). Rule 60(d)(3) permits a judgment to be set aside for fraud on the court. Relief under this section is "limited to fraud which seriously affects the integrity of the normal process of adjudication." *Gleason v. Jandrucko*, 860 F.2d 556, 559 (2d Cir. 1988). Fraud on the court "embraces only that species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases." *Hadges v. Yonkers Racing Corp.*, 48 F.3d 1320, 1325 (2d Cir. 1995) (internal quotation marks and citation omitted). "Fraud upon the court must be established by clear and convincing evidence." *King v. First Am. Investigations, Inc.*, 287 F.3d 91, 95 (2d Cir. 2002).

As an initial matter, Armatas correctly argues that a motion to vacate for fraud on the court is not subject to Rule 60's one-year limitation period. *See id.* We conclude, however, that Armatas's claim is frivolous. We repeatedly rejected his contentions of fraudulent and fabricated evidence on his first appeal, and the district court has done so as well. Armatas's current iteration of those claims, dressed as a fraud on the court claim, fares no better. Accordingly, we conclude that the district court did not abuse its discretion by denying Armatas's Rule 60(d)(3) motion and his motion for reconsideration of that denial.

"We review a district court's decision to impose sanctions under its inherent powers for abuse of discretion." *Wilson v. Citigroup, N.A.*, 702 F.3d 720, 723 (2d Cir. 2012). A district court may, in its discretion, impose a filing injunction if confronted with "extraordinary circumstances, such as a demonstrated history of frivolous and vexatious litigation or a failure to comply with sanctions imposed for such conduct." *Milltex Indus. Corp. v. Jacquard Lace Co.*, 55 F.3d 34, 39 (2d Cir. 1995) (citation and internal quotation marks and alteration omitted). A district court may issue such sanctions pursuant to its inherent authority, even if there are other procedural rules available. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 49–50 (1991); *see also In re Martin-Trigona*, 737 F.2d 1254, 1261 (2d Cir. 1984).

> We consider the following factors when reviewing a lower court's filing injunction:
>
> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

*Safir v. U.S. Lines, Inc.,* 792 F.2d 19, 24 (2d Cir. 1986).

As discussed above, Armatas has repeatedly attempted to relitigate his claims of fraud in both this Court and the district court. Those claims have been repeatedly rejected. At this point, Armatas cannot have any objective good faith expectation of prevailing. And as the district court correctly observed, despite repeated warnings, Armatas continued

4

undeterred to file motions raising the same issues. Accordingly, we conclude that the district court's limited filing injunction, which enjoined Armatas only from filing new papers in this case, did not exceed the bounds of its discretion.

We have considered Armatas's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the orders of the district court in part, and **DISMISS** Armatas's appeal from the district court's grant of attorneys' fees.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk