16-2474-cv
*StreetEasy, Inc. v. Chertok*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of March, two thousand eighteen.

PRESENT:   GUIDO CALABRESI,
           DENNY CHIN,
           SUSAN L. CARNEY,
                *Circuit Judges*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

STREETEASY, INC.,*

          *Plaintiff-Appellee*,

          v.                            16-2474-cv

DOUGLAS CHERTOK,

          *Defendant-Appellant*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-APPELLEE:        ISAAC B. ZAUR (Emily Reisbaum, *on the brief*), Clarick Gueron Reisbaum LLP, New York, New York.

---

    *     NMD Interactive, Inc. has changed its name to StreetEasy, Inc. The Clerk of Court is respectfully directed to amend the official caption to conform to the above.

FOR DEFENDANT-APPELLANT:  PAUL F. CORCORAN (James R. Levine, Jacob P. Freeman, *on the brief*), Davis & Gilbert LLP, New York, New York.

Appeal from the United States District Court for the Southern District of New York (Sullivan, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the orders of the district court are **AFFIRMED**.

Defendant-appellant Douglas Chertok appeals from the district court's June 16, 2016 order denying his motion to vacate the court's prior orders for fraud on the court pursuant to Federal Rule of Civil Procedure 60(d)(3) and from the district court's March 13, 2017 opinion and order denying his motion for reconsideration of the June 16, 2016 order. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

This appeal, the third appeal in this case, arises out of Chertok's repeated refusal to honor the terms of a 2012 settlement agreement with plaintiff-appellee StreetEasy, Inc. ("StreetEasy"). In the underlying dispute, StreetEasy brought suit against Chertok, its co-founder, alleging claims for, *inter alia*, breach of fiduciary duty and for cybersquatting under 15 U.S.C. § 1125(d).

On June 5, 2014, in the first appeal, we vacated the district court's sanctions award against Chertok and remanded for reconsideration of the appropriate amount, upholding one of the three factual bases relied on by the district court.

- 2 -

*StreetEasy, Inc. v. Chertok*, 752 F.3d 298, 308-09, 311 (2d Cir. 2014). On remand, the district court imposed a reduced sanctions award, which Chertok appealed.

In April 2016, while Chertok's second appeal was pending, he filed (1) a motion in this Court to vacate our prior June 5, 2014 order for fraud on the court pursuant to Rule 60(d)(3), and (2) a pre-motion letter with the district court -- in accordance with the court's Individual Rule 2A -- describing a similar contemplated motion to vacate the district court's March 18, 2013 and May 20, 2015 orders for fraud on the court pursuant to Rule 60(d)(3). StreetEasy opposed Chertok's motion in this Court and filed a letter response in opposition to Chertok's letter in the district court.

On June 7, 2016, we affirmed the district court's reduced sanctions award and denied Chertok's motion, concluding that Chertok failed to present "clear and convincing evidence to meet the high bar for finding fraud on the Court." *StreetEasy, Inc. v. Chertok*, 651 F. App'x 37, 40 (2d Cir. 2016). StreetEasy and Chertok filed supplemental letters with the district court regarding our decision.

On June 16, 2016, the district court issued an order treating Chertok's pre-motion letter as a Rule 60(d)(3) motion and denied it, citing our June 7, 2016 decision denying Chertok's "essentially identical" motion in this Court. Sp. App. 1. Chertok moved for reconsideration pursuant to Rule 60, and StreetEasy moved to enjoin Chertok from future filings. On March 13, 2017, the district court issued an opinion and

- 3 -

order denying both motions. *NMD Interactive, Inc. v. Chertok*, Case No. 11-cv-6011(RJS), 2017 WL 993069, at *1 (S.D.N.Y. Mar. 13, 2017). Chertok appealed.

We review for abuse of discretion a district court's denial of a Rule 60 motion. *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1140 (2d Cir. 1994). "A court abuses its discretion when its decision rests on a legal error or a clearly erroneous factual finding, or when its decision does not fall within the range of permissible decisions." *RJE Corp. v. Northville Indus. Corp.*, 329 F.3d 310, 316 (2d Cir. 2003).

First, Chertok contends that the district court abused its power, violated the Federal Rules, and violated his due process rights when it treated Chertok's pre-motion letter as his Rule 60(d)(3) motion and denied it, without allowing full briefing. Although "a court has no power to prevent a party from filing pleadings, motions or appeals," *Richardson Greenshields Sec., Inc. v. Lau*, 825 F.2d 647, 652 (2d Cir. 1987), the district court did not prevent Chertok from filing anything here; rather, it reasonably construed Chertok's pre-motion letter as the motion itself and denied it. We have approved this practice under appropriate circumstances. *See In re Best Payphones, Inc.*, 450 F. App'x 8, 15 (2d Cir. 2011).

Here, the parties offered detailed arguments in pre-motion letters that evidenced the clear lack of merit in Chertok's contemplated motion, particularly following our June 7, 2016 decision. The district court therefore acted within its discretion when it "deem[ed] [Chertok's] motion made and deni[ed] it." Sp. App. 1.

Moreover, Chertok thereafter moved for reconsideration and submitted a full set of motion papers. At no point in the district court, in his papers on appeal, or, when invited to do so, at oral argument in this Court, has Chertok identified *any* additional arguments he would have pressed, or evidence he would have introduced, had he been permitted to file full motion briefs initially.

Second, Chertok argues that the district court's denials of his Rule 60(d)(3) motion and subsequent motion for reconsideration were an abuse of discretion. We discern no error, much less an abuse of discretion. Even accepting Chertok's contention that the mandate rule derived from the law-of-the-case doctrine does not apply, *see* Brief for Def.-Appellant at 48-49, we once again conclude that Chertok failed to present clear and convincing evidence to satisfy the high bar for establishing fraud on the court, *see King v. First Am. Investigations, Inc.*, 287 F.3d 91, 95 (2d Cir. 2002).

Finally, while we understand StreetEasy's frustration, like the district court we deny StreetEasy's motion to impose sanctions and a filing injunction. We may impose sanctions pursuant to Federal Rule of Appellate Procedure 38 for a frivolous appeal "totally lacking in merit, framed with no relevant supporting law, conclusory in nature, and utterly unsupported by the evidence." *In re Drexel Burnham Lambert Grp. Inc.*, 995 F.2d 1138, 1147 (2d Cir. 1993) (quoting *United States v. Potamkin Cadillac Corp.*, 689 F.2d 379, 381-82 (2d Cir. 1982) (per curiam)). While Chertok's motion in the district court was meritless, we are not persuaded that his appeal of the procedure used by the

district court was frivolous. We decline to impose sanctions beyond the usual costs awarded to a prevailing party on appeal. Our denial of NMD's request for sanctions should not constrain the district court in awarding the appropriate sanctions for the filing of the Rule 60(d)(3) motion in the district court, or from sanctioning Chertok in the future. Moreover, Chertok's request that we vacate the district court's comment that he "has a demonstrated history of filing vexatious, harassing, and duplicative motions for which he appears to lack an objective good-faith expectation of prevailing," *NMD Interactive, Inc.*, 2017 WL 993069, at *5, is denied. Chertok's request for reassignment on remand is denied as moot.

We have considered Chertok's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court, with costs.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk