Levin v. Frank

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of May, two thousand twenty.

PRESENT:
> JOHN M. WALKER, JR.,
> ROSEMARY S. POOLER,
> GERARD E. LYNCH,
> > *Circuit Judges.*

———————————————————————

Isaac Levin,

> *Plaintiff-Appellant*,

> v.

Kenneth J. Frank, individually and as Corporation Counsel for The City of Binghamton, Brian Seachrist, individually and as first Corporation Counsel, The City of Binghamton, a governmental entity,

> *Defendants-Appellees*.

———————————————————————

19-1102

| | |
|---|---|
| FOR PLAINTIFF-APPELLANT: | Isaac Levin, pro se, North Woodmere, NY. |
| FOR DEFENDANTS-APPELLEES: | Janet D. Callahan (Daniel B. Berman, *on the brief*), Hancock Estabrook, LLP, Syracuse, NY. |

Appeal from a judgment of the United States District Court for the Northern District of New York (D'Agostino, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Isaac Levin, pro se, appeals the judgment of the United States District Court for the Northern District of New York (D'Agostino, *J.*) dismissing his action challenging the application of a 2009 zoning ordinance to an investment property he owns. The district court dismissed the action under Fed. R. Civ. P. 12(b)(6), concluding that it was barred by res judicata because the same claims had been rejected in a 2011 action brought by an LLC that Levin controlled. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review de novo a dismissal under Rule 12(b)(6). *Fink v. Time Warner Cable*, 714 F.3d 739, 740–41 (2d Cir. 2013) (per curiam).

We conclude that the district court properly dismissed Levin's action for substantially the same reasons the district court stated in its April 19, 2019 decision. First, Levin's argument that the district court failed to accept as true his assertion about the legal effect of the alleged abandonment of the first floor commercial space is meritless. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.").

Further, because Levin was in privity with the LLC in the prior action and that action was resolved on the merits, he may not relitigate "issues that were or could have been raised in that action." *Brown Media Corp. v. K&L Gates, LLP*, 854 F.3d 150, 157 (2d Cir. 2017) (internal quotation marks omitted); *see also In re Teltronics Servs., Inc.*, 762 F.2d 185, 191 (2d Cir. 1985) ("If a stockholder, officer or director of a corporation controls an action brought on its behalf in furtherance of his own interests, he is bound by the result of that action."). Levin's contention that he could not have raised an issue earlier because he only recently discovered an appendix to a 1983 zoning code is unavailing. He has not explained why that appendix was necessary to raise the issue, and he did not show that the appendix "was either fraudulently concealed or . . . could not have been discovered with due diligence," as required to prevent the application of res judicata. *Saud v. Bank of N.Y.*, 929 F.2d 916, 920 (2d Cir. 1991).

Though Levin makes assertions about fraud on the court (which were not barred by res judicata) in his reply brief, his argument is meritless. Levin "does no more than complain that the defendants disputed his version of the law and facts," which is "insufficient to state a claim for fraud on the court." *See King v. First Am. Investigations, Inc.*, 287 F.3d 91, 95–96 (2d Cir. 2002) (per curiam).

Lastly, the district court properly dismissed the action without granting further leave to

amend. *See Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993) (per curiam) ("Where it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend.").

We have considered all of Levin's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court, and deny Levin's motion to strike statements of his opposing counsel during oral argument as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court