18-2872-cv (L)
*ComLab, Corp. v. Kal Tire, et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of May, two thousand twenty.

Present:
> ROBERT D. SACK,
> RICHARD C. WESLEY,
> DEBRA ANN LIVINGSTON,
> *Circuit Judges*.

_____

COMLAB, CORP.,

>     *Plaintiff-Appellant*,

>     v.                                                                          18-2872-cv (L),
>                                                                                 19-1724-cv (Con)

KAL TIRE, KAL TIRE MINING TIRE GROUP, A SUBSIDIARY OF KAL TIRE,

>     *Defendants-Appellees*.

_____

For Plaintiff-Appellant:           ANDREW M MOSKOWITZ, Javerbaum Wurgaft Hicks Kahn Wikstrom & Sinins, P.C., Springfield, NJ

For Defendants-Appellees:          ERIC J. GOLDBERG, Littleton Park Joyce Ughetta & Kelly LLP, New York, NY

1

Consolidated appeal from judgments of the United States District Court for the Southern District of New York (Forrest and Castel, *JJ.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant ComLab, Corp. ("ComLab") brings this consolidated appeal challenging two judgments of the United States District Court for the Southern District of New York. The first appeal concerns a September 11, 2018 order of the district court (Forrest, *J.*) granting Defendants-Appellees Kal Tire and Kal Tire Mining Tire Group's (together, "Kal Tire") motion for sanctions, dismissing ComLab's action against Kal Tire with prejudice, and awarding Kal Tire its reasonable attorneys' fees and costs incurred in defending the action. The second appeal concerns a May 16, 2019 order of the district court (Castel, *J.*) adopting in full the report and recommendation ("R&R") of the Magistrate Judge (Wang, *Mag. J.*), which set the amount of Kal Tire's fee award at $313,138.67.

Both judgments arise from a breach of contract action brought by ComLab against Kal Tire, alleging that Kal Tire engaged ComLab in a 24-month agreement to update and maintain Kal Tire Mining Tire Group's intranet portal in exchange for a monthly service fee of $20,000 (the "MyMTG Agreement") and subsequently failed to pay numerous invoices. Kal Tire denies that a valid agreement was ever created. This appeal principally concerns a number of purported invoices that ComLab attached to its complaint as evidence of the MyMTG Agreement and Kal Tire's breach, along with records of purported emails by which ComLab claims the invoices were transmitted to Kal Tire employees. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

**I. The Spoliation Order**

*A. Background*

ComLab attached twenty invoices to its complaint, each purporting to charge a $20,000 monthly service fee for one of the months between August 2015 and March 2017. ComLab alleges that each of these invoices was sent by email from ComLab's CEO Matteo Deninno to employees at Kal Tire. Kal Tire claims that it received four of these invoices and that three of them were paid, without authorization, at the direction of Alex Vitale ("Vitale"), a former Kal Tire employee who allegedly received hundreds of thousands of dollars in kickbacks from Deninno in exchange for facilitating a fraudulent agreement. According to Kal Tire, ComLab never sent another invoice after Kal Tire terminated Vitale and did not pay the fourth invoice it received. In November 2017, Kal Tire served ComLab with a discovery request seeking native versions of emails or any evidence that ComLab had ever sent the other sixteen invoices (the "Contested Invoices"). In January 2018, ComLab produced hard copy printouts purporting to show thirteen emails sent by Deninno to employees at Kal Tire, eleven of which purported to attach one of the Contested Invoices. Kal Tire asserts that nine of these emails (the "Contested Emails") were fabrications by ComLab, and were never actually sent.

Kal Tire continued to seek native versions of the Contested Emails between January and April 2018. Two days before Deninno's scheduled deposition, and after repeatedly indicating that ComLab would produce these native files, ComLab's counsel informed Kal Tire that "Mr. Deninno['s]computer was infected by a virus at the end of last year. As a result, he had to wipe the machine on which the native emails existed and get a new computer . . . ." J.A. 97 (No. 18-2872). At his deposition, Deninno testified that in response to a "trojan"-type computer virus, he had irretrievably deleted all emails sent and received prior to January 1, 2018, but no other emails

3

or files stored on his computer. Deninno did not maintain backups of his emails, and was unable to retrieve deleted emails from before January 1, 2018 from the operator of his email server. Kal Tire moved for sanctions, seeking termination of the action and attorneys' fees and costs.

The district court held an evidentiary hearing, at which Kal Tire offered the testimony of its director of platform and product technology as well as a third-party expert in computer forensics; ComLab offered further testimony from Deninno. Following the evidentiary hearing, the district court determined "by clear and convincing evidence" that Deninno had fabricated the Contested Emails and Contested Invoices, thereby perpetuating a fraud on the court, and that he subsequently purged his email server to prevent discovery of this fraud, spoliating evidence critical to Kal Tire's defense. Based on this determination, the district court granted Kal Tire's motion for sanctions, terminated the action, and awarded Kal Tire its reasonable attorneys' fees and costs incurred in defending the action.

*B. Analysis*

We review a district court's ruling on a motion for sanctions for abuse of discretion. *See Klipsch Grp. v. ePRO E-Commerce Ltd.*, 880 F.3d 620, 627 (2d Cir. 2018). "A district court abuses its discretion if it (1) bases its decision on an error of law or uses the wrong legal standard; (2) bases its decision on a clearly erroneous factual finding; or (3) reaches a conclusion that, though not necessarily the product of a legal error or a clearly erroneous factual finding, cannot be located within the range of permissible decisions." *Id.* (quoting *EEOC v. KarenKim, Inc.*, 698 F.3d 92, 99–100 (2d Cir. 2012)). ComLab argues that the district court abused its discretion by basing its decision on clearly erroneous factual findings and dismissing the action without considering lesser sanctions. We disagree.

4

A party that fails to preserve evidence when it "has notice that the evidence is relevant to litigation or when a party should have known that the evidence may be relevant to future litigation," *Fujitsu Ltd. v. Federal Exp. Corp.*, 247 F.3d 423, 436 (2d Cir. 2001), is subject to sanction for spoliation. *See West v. Goodyear Tire & Rubber Co.*, 167 F.3d 776, 779 (2d Cir. 1999) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43–45 (1991)). The party seeking sanctions for spoliation must "show by a preponderance of the evidence: '(1) that the party having control over the evidence had an obligation to preserve it at the time it was destroyed; (2) that the records were destroyed with a culpable state of mind; and (3) that the destroyed evidence was relevant to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense.'" *Klipsch*, 880 F.3d at 628 (quoting *Chin v. Port Auth. of N.Y. & N.J.*, 685 F.3d 135, 162 (2d Cir. 2012)). The district court may also sanction a party for attempting to mislead the court by fabricating evidence. *See Ostano Commerzanstalt v. Telewide Sys., Inc.*, 794 F.2d 763, 768 (2d Cir. 1986). To the extent that such fabrication constitutes a fraud on the court, *cf.*, *e.g.*, *Weese v. Schukman*, 98 F.3d 542, 552–53 (10th Cir. 1996), it must be established by "clear and convincing evidence."[1] *King v. First Am. Investigations, Inc.*, 287 F.3d 91, 95 (2d Cir. 2002).

"The determination of an appropriate sanction for spoliation, if any, is confined to the sound discretion of the trial judge, and is assessed on a case-by-case basis." *Fujitsu*, 247 F.3d at 436 (internal citation omitted). And "we have explained that the applicable sanction should be molded to serve the prophylactic, punitive, and remedial rationales underlying the spoliation

---

[1] ComLab argues that the district court erroneously found both spoliation and fraud on the court by a preponderance of the evidence, rather than finding the latter by clear and convincing evidence. This argument is without merit. The district court expressly stated that the "clear and convincing" standard applied as to fraud on the court, and that "it easily conclude[d] that Deninno fabricated and subsequently spoliated critical documents by 'clear and convincing evidence.'" S.A. 19.

doctrine." *West*, 167 F.3d at 779. In other words, it should "(1) deter parties from engaging in spoliation; (2) place the risk of an erroneous judgment on the party who wrongfully created the risk; and (3) restore the prejudiced party to the same position he would have been in absent the wrongful destruction of evidence by the opposing party." *Id.* (internal quotation marks omitted). "Outright dismissal . . . is within the court's discretion" where "there is a showing of willfulness, bad faith, or fault on the part of the sanctioned party." *Id.* (quoting *Chambers*, 501 U.S. at 45 and citing *Jones v. NFTA*, 836 F.2d 731, 734 (2d Cir. 1987)). Nonetheless, dismissal is a "drastic remedy" to be "imposed only in extreme circumstances, usually after consideration of alternative, less drastic sanctions." *John B. Hull, Inc. v. Waterbury Petroleum Prods., Inc.*, 845 F.2d 1172, 1176 (2d Cir. 1988) (internal quotation marks and citation omitted).

Here, the district court made no clearly erroneous factual finding in determining that ComLab willfully fabricated the Contested Emails and subsequently spoliated evidence of this fabrication. A district court's factual findings are clearly erroneous only if "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. Bessemer City*, 470 U.S. 564, 573 (1985) (internal quotation marks omitted); *see also Atl. Specialty Ins. Co. v. Coastal Envtl. Grp.*, 945 F.3d 53, 63 (2d Cir. 2019) ("[W]e may not reverse a finding even though convinced that had we been sitting as the trier of fact, we would have weighed the evidence differently." (internal quotation marks and alterations omitted)). We discern no such mistake in this record, and thus no abuse of discretion.

At the evidentiary hearing, Kal Tire's representative testified that the Contested Emails did not appear on Kal Tire's servers, and that the email system's permanently enabled "litigation hold" feature would have prevented their deletion even if Kal Tire employees had removed the emails

6

from their own inboxes.[2] Kal Tire's computer forensics expert then testified that Deninno's explanation for purging his email server in the midst of litigation was inconsistent with the understanding of even a moderately informed information technology professional. In particular, he explained that a "trojan"-style virus could infiltrate all emails and files on an infected computer, rendering Deninno's actions—*i.e.*, purging only a select date range of emails and retaining all non-email files—an illogical means of preserving the safety of a new machine. Kal Tire's expert also testified as to the ease of fabricating the type of evidence ComLab had presented, including by manipulating document metadata to make it appear as though it had been created at an earlier time. Also at the hearing, Deninno admitted to having fabricated a Kal Tire travel document in the past at Vitale's request. The remainder of the evidence in the record—including the parties' written declarations as well as further testimony at the evidentiary hearing and in depositions—similarly undermines the legitimacy of ComLab's evidence and Deninno's explanation for his failure to preserve relevant materials. Indeed, apart from Deninno's testimony, ComLab did not present any evidence that a virus actually infected Deninno's computer. This record does not leave us with "the definite and firm conviction that a mistake has been committed." *Anderson*, 470 U.S. at 573.

Likewise, the district court did not abuse its discretion in imposing the sanction of dismissal under these extraordinary circumstances. Acknowledging its responsibility to "consider[] . . .

---

[2] Consistent with this testimony, Caitlin Brothen, the Kal Tire employee to which each of the Contested Emails was purportedly addressed, submitted a sworn declaration that she never received any of the Contested Emails. ComLab argues that the district court's factual findings were nonetheless clearly erroneous because, *inter alia*, Kal Tire failed to supply a similar declaration from Vitale, to whom a subset of the Contested Emails were also addressed. But because Kal Tire did provide sworn statements from a technical administrator with access to the company's entire email server and from an employee to whom *all* of the Contested Emails were addressed, the absence of an additional statement from Vitale (who had already testified at deposition that he did not recall receiving the Contested Invoices) does not alter "the entire evidence" so as to create "the definite and firm conviction that a mistake has been committed." *Anderson*, 470 U.S. at 573.

alternative, less drastic sanctions," *see John B. Hull, Inc.*, 845 F.2d at 1176, the district court "considered the full complement of options available to it under the applicable rules and its inherent authority" including "a fine, an adverse jury instruction, and other less drastic sanctions," and nevertheless dismissed the case in light of "the seriousness of ComLab's transgression, and the significance of the emails to this litigation." S.A. 19–20. We have repeatedly acknowledged that dismissal is appropriate when there has been a showing of "willfulness, bad faith, or fault," and that such sanctions serve "prophylactic, punitive, and remedial purposes." *West*, 167 F.3d at 779. Though a lesser sanction may have effectively nullified the prejudice ComLab's fraud and spoliation caused to Kal Tire, we have recognized the appropriateness of harsher sanctions "to penalize those whose conduct may be deemed to warrant such a sanction [and] to deter those who might be tempted to such conduct in the absence of such a deterrent." *Valentine v. Museum of Modern Art*, 29 F.3d 47, 50 (2d Cir. 1994) (per curiam) (quoting *Nat'l Hockey League v. Metro. Hockey Club*, 427 U.S. 639, 643 (1976)). The decision to dismiss ComLab's action here was soundly within the district court's discretion.

## II. The Attorneys' Fee Award

Judge Forrest stepped down from the bench on September 11, 2018, the same day that she granted Kal Tire's motion for sanctions. Because her order instructed the clerk of court to close the case, the action was not assigned to another district judge. On October 10, after reviewing and redacting its legal invoices for privilege, Kal Tire's counsel submitted those invoices to ComLab but was unsure how to secure payment. Since no district judge was assigned to execute the award, Kal Tire wrote to Chief District Judge McMahon on October 19, requesting permission to submit a motion or affidavit to establish the amount of its award. On October 22, the court reassigned the case to Judge Castel. On that same day, in response to a letter of inquiry from Kal Tire, the district

8

court ordered that Kal Tire should submit a fee application to ComLab, that the parties should meet and confer, and that if disagreements remained, Kal Tire should file a motion to set the amount of the award by November 30. Kal Tire submitted such a motion on that date, and the district court referred the case to Magistrate Judge Ona T. Wang. On April 18, 2019, Judge Wang issued a report and recommendation ("R&R") setting the amount of Kal Tire's total award at $313,138.67. ComLab filed no objections to the R&R. On May 16, 2019, Judge Castel adopted the R&R in full.

On appeal, ComLab does not challenge the district court's calculation of Kal Tire's fee award. Rather, ComLab argues that the district court erred in executing the fee award because Kal Tire did not submit that motion within fourteen days of Judge Forrest's September 11, 2018 order. ComLab asserts that Federal Rule of Civil Procedure 54(d)(2)(B)—which requires a "claim for attorney's fees and related nontaxable expenses" to "be filed no later than 14 days after the entry of judgment"—applies to Kal Tire's motion and bars the requested relief. Fed. R. Civ. P. 54(d)(2)(B). The (questionable) merits of this argument notwithstanding, we conclude that ComLab, which made the same arguments unsuccessfully before the magistrate court, has waived its right to appellate review of the order setting the amount of Kal Tire's fee award.

A party seeking appellate review of the disposition ordered in a magistrate judge's R&R must file objections to the relevant portions of the report within fourteen days. *See* Fed. R. Civ. P. 72(a); *Mario v. P & C Food Mkts.*, 313 F.3d 758, 766 (2d Cir. 2002). "Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision." *Mario*, 313 F.3d at 766; *see also IUE AFL-CIO Pension Fund v. Herrmann*, 9 F.3d 1049, 1054 (2d Cir. 1993) (collecting cases). It is undisputed that ComLab failed to object to the R&R, which gave unambiguous notice in bold lettering that failure to file objections within fourteen days would

9

preclude appellate review. ComLab has waived its challenge, and we decline to exercise our discretion to decide the issues ComLab raises. *See Spence v. Superintendent, Great Meadow Corr. Facility*, 219 F.3d 162, 174 (2d Cir. 2000).

We have considered ComLab's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

10