**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-2744
_____

TYRONE GREEN,
                                        Appellant

v.

SECRETARY JOHN E. WETZEL; DR. REKHA HALLIGAN; PA STROUP;
PA CYNDI CHUZI MCDOWELL; COUNSELER SANTOS; PSYCHOLOGIST
GALBREATHE; PSYCHOLOGIST ANDERSON; PSYCHIATRIST GODISEN;
PSYCHIATRIST INGRID RENBERG; DEPUTY ADAMS; DEPUTY FRANTZ; LT.
DUBE; MR. BENNEK; OFFICER CRUM; MRS. DEPLATCHET; SERGEANT RUFF;
OFFICER ARNOLD; OFFICER DIRAIMO; OFFICER SISSEM; CORRECT CARE
SOLUTIONS LLC; MENTAL HEALTH OF AMERICA; HEATHER DESHANTZ;
SUPERINTENDENT MICHAEL CLARK; MRS. SMOCK; MR. SNIDER; DR.
MICHAEL J. HERBIK; OFFICER MCCLELLAND; MRS. KUSIAK

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 1:18-cv-00093)
Magistrate Judge: Honorable Richard A. Lanzillo (by consent)

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 1, 2026
Before:  KRAUSE, RESTREPO, and PORTER, *Circuit Judges*

(Opinion filed: April 20, 2026)
_____

OPINION*
_____

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Pro se appellant Tyrone Green appeals the District Court's denial of his motion for relief from a final judgment. We will affirm the judgment.

Green filed a civil rights complaint, raising claims arising from his incarceration at SCI Albion. The District Court, acting through a Magistrate Judge on the parties' consent under 28 U.S.C. § 636(c), denied Green's motion for sanctions. Later, the District Court entered summary judgment in favor of several defendants. The case proceeded to trial, and the jury found in favor of the remaining defendants. The District Court entered its judgment against Green on August 23, 2023. Green appealed, challenging the District Court's denial of his motion for sanctions and entry of summary judgment, and we affirmed. *See Green v. Wetzel*, No. 23-2710 (3d Cir. Sep. 6, 2024).

Then, in early 2025, Green moved for relief from the District Court's judgment "due to fraud upon the court and [a] void judgment." *See* Fed. R. Civ. P. 60(b)(3), (4). He argued that a defense witness misled the District Court into denying his motion for sanctions. The District Court denied the motion, explaining that Green's request for relief under Rule 60(b)(3) was untimely, and that Green was not entitled to relief under Rule 60(b)(4). Green timely appealed.

We have jurisdiction under 28 U.S.C. § 1291. We generally review an order denying a Rule 60(b) motion for abuse of discretion. *See Budget Blinds, Inc. v. White*, 536 F.3d 244, 251 (3d Cir. 2008). To the extent that the District Court denied relief under Rule 60(b)(4), our review is plenary. *See id.* n.5.

2

As the District Court correctly explained, Green's Rule 60(b)(3) motion, which he filed more than a year after the District Court entered its judgment, was untimely. *See* Fed. R. Civ. P. 60(c)(1). Green's prior appeal did not toll the one-year time limit to file a motion under Rule 60(b)(3). *See Moolenaar v. Gov't of V.I.*, 822 F.2d 1342, 1346 n.5 (3d Cir. 1987); *King v. First Am. Investigations, Inc.*, 287 F.3d 91, 94 (2d Cir. 2002) (per curiam); *see also United States v. Williams*, 56 F.4th 366, 370, 373 (4th Cir. 2023) (holding that equitable tolling does not apply to Rule 60(b)(3) motions).

Furthermore, the District Court did not err by denying relief under Rule 60(b)(4). Rule 60(b)(4) "authorizes [a] court to relieve a party from a final judgment if 'the judgment is void.'" *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270 (2010) (citation omitted). Relief is warranted "only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *Id.* at 271. Green did not show that either of these rare circumstances was present in this case.[1] His argument that the District Court's sanctions ruling was erroneous does not sufficiently establish that the judgment was void. *See id.* at 270; *see also Seese v. Volkswagenwerk, A.G.*, 679 F.2d 336, 337 (3d Cir. 1982) (per curiam) (explaining that a district court cannot alter an appellate mandate "on the basis of matters included or includable in [a] prior appeal").

---

[1] Thus, we need not consider whether Green filed his Rule 60(b)(4) motion "within a reasonable time." *See Coney Island Auto Parts Unlimited, Inc. v. Burton Tr. for Vista-Pro Auto., LLC*, 607 U.S. ____, 146 S. Ct. 579, 582 (2026).

Accordingly, we will affirm the District Court's judgment. To the extent that Green seeks other relief on appeal, it is denied.